UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 MAY -7 P 4:30

| | |
|---|---|
| HENRY D. WHITAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: |
| v. | ) 2:07 CV 398 - MEF |
| | ) |
| | ) Complaint and Jury Demand |
| META CONTROL, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff against the above-captioned defendant and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invoke the jurisdiction of this Court under and by virtue of the First Amendment to the Constitution of the United States, 42 U.S.C. § 1981, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States, and by federal law.

2. The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Middle District of the State of Alabama.

### PARTIES

3. Plaintiff Henry D. Whitaker (hereinafter, "Whitaker"), who is over the age of 19 years, is and was at all times material hereto a member of a protected class, White, and a citizen of the United States and the State of Alabama, residing in Elmore County, Alabama.

4. Defendant Meta Control, L.L.C. (hereinafter, "Meta"), a better denomination of whom is presently unknown but will be added by amendment when ascertained, is a business headquartered in the state of Alabama doing business in Alabama, registered with the Alabama Secretary of State as a limited liability company.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining the defendant from maintaining a policy, practice, custom or usage of discrimination against Plaintiff and all others similarly situated because of race and restraining the further subjection of Plaintiff to disparate treatment with respect to the making and enforcement of contracts. The Complaint also seeks restitution to the Plaintiff of all rights, privileges, and benefits that would have been received by Plaintiff but for the defendant's unlawful and discriminatory practices. Further, Plaintiff seeks compensatory and punitive damages for his suffering as a consequence of the wrongs alleged herein. Further, Plaintiff seeks such equitable relief, costs, and fees, as to which he may be entitled.

6. Plaintiff avers that the defendant, by and through its agents, acted to deny Plaintiff his rights under the laws of the United States of America and the State of Alabama and that such action was designed to discriminate against Plaintiff who is a member of a protected class, White.

7. Plaintiff avers that the defendant's actions were designed to prevent him and others similarly situated from obtaining an equality with non-protected group members in the making and enforcement of contracts and access to public accommodations.

8. As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that he has been deprived of the right to gainful employment with the employer of his choosing, as well as caused to suffer financial loss, great humiliation, pain, suffering, and mental

anguish from then until now.

9. Plaintiff avers that the defendant acted to create a disparate environment with the specific intent or the result to deprive Plaintiff of his rights as alleged above and to cause Plaintiff to be damaged and to discriminate against him because of his race, White, and that the defendant is aware of such disparate environment and has failed to either prevent or correct it.

## FACTS

10. Plaintiff expressly adopts as if fully set forth herein the allegations in each of the foregoing paragraphs.

11. Plaintiff was a production manager with the defendant. He began his employment on August 29, 2005. On or about May 23, 2006, Mr. Chad Cho, President of Meta Control, LLC, brought Plaintiff into his office at approximately 8:25 A.M. Mr. Cho informed Plaintiff that due to a recent health condition suffered by Plaintiff, the defendant determined that he should be fired. Plaintiff had missed work the previous Thursday and Friday on approved and scheduled vacation. The purpose of the vacation was to attend a doctor's visit relevant to high blood pressure. At first Plaintiff assumed Mr. Cho was referring to his high blood pressure condition.

12. In an unrelated matter, in March, 2006, Plaintiff had injured his hand on the job. The condition involving Plaintiff's hand was improving and Plaintiff was receiving medical care through Worker's Compensation. Plaintiff assumed at the time that Mr. Cho may also be referring to the hand injury. In any event, neither health condition directly effected Plaintiff's ability to work.

13. Plaintiff soon became suspicious that the termination for an alleged health condition was

pretextual. Meta Controls, LLC had hired a Korean national named, or referred to as, Mr. Eric Lee. Mr. Lee and Plaintiff had worked together for a number of weeks prior to the termination. Mr. Cho explained to Plaintiff that Mr. Lee was to be Plaintiff's assistant.

14. Plaintiff was instructed by Mr. Cho to educate Mr. Lee in every aspect of Plaintiff's job as production manager. Plaintiff followed Mr. Cho's instructions educating Mr. Lee in every aspect of his job.

15. Ultimately, prior to his termination, Plaintiff had educated Mr. Lee in all aspects of the production manager's position.

16. Plaintiff is of the belief that Mr. Lee was afforded the opportunity to take the production manager position because of his race and national origin being that of Korean. Mr. Lee is twenty-three years old and had no experience in production and no experience in management.

17. Plaintiff alleges that from the beginning Mr. Cho treated Mr. Lee with preference. Mr. Lee was given an office larger than Plaintiff's in the front of the building near Mr. Cho's office.

18. Mr. Lee was afforded a company vehicle whereas Plaintiff was required to use his own vehicle.

19. Plaintiff is also of the belief that Mr. Lee was paid a higher salary.

20. Plaintiff was fired solely because of his race, White.

21. Plaintiff's position of employment was immediately filled by Mr. Lee.

## CAUSES OF ACTION

22. As to the cause of action set forth below, Plaintiff expressly adopts as if fully set forth herein the allegations of each and all of the preceding paragraphs.

**COUNT I – RACE DISCRIMINATION UNDER 42 U.S.C. § 1981**

23. Plaintiff claims that the acts complained of herein impaired their rights under 42 U.S.C. § 1981, specifically that the acts of discrimination affected the making of contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationships enjoyed with Meta Control, LLC.

24. Plaintiff avers that those benefits, privileges, terms and conditions of which Plaintiff was either deprived or whose right to same was impaired by acts of discrimination, were enjoyed by non-white persons.

25. Plaintiff avers that the discrimination complained of is causally connected to his race, White.

26. As a result of the violations of Plaintiff's rights under 42 U.S.C. § 1981, Plaintiff has been damaged and claims entitlement to any and all relief as may be afforded him to redress said wrongs.

27. Plaintiff maintains that the agents of Meta Control, LLC, acting individually and/or as employees and/or agents of Meta Control, LLC are directly liable under 42 U.S.C. § 1981 for the deliberate and intentional acts.

28. Plaintiff maintains alternately that the defendant and its agents are liable under 42 U.S.C. § 1981 pursuant to the doctrine of respondeat superior.

## PRAYER FOR RELIEF

WHEREFORE THE PREMISES CONSIDERED, Plaintiff prays that the Court will:

a) Enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of 42 U.S.C. § 1981;

b) Under 42 U.S.C. §1981, permanently enjoin the individual defendant, corporate defendant, related agents, successors, officers, employees, attorneys and those acting in concert with it from engaging in each of the unlawful practices, policies, customs,

      and usages set forth herein, particularly further discrimination and retaliation as against Plaintiff, and from continuing any and all other practices shown to be in violation of applicable law;

c)     Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that it not discriminate on the basis of race;

d)     Grant Compensatory damages to Plaintiff;

e)     Grant Punitive damages to Plaintiff in an amount to be determined by the trier of facts;

f)     Grant Plaintiff the costs of this action including reasonable attorney's fees.

g)     Grant such other, further and different relief as this Court may deem just and proper to include all other equitable and legal relief as to which they may be entitled.

RESPECTFULLY SUBMITTED on this the __7th___ day of May, 2007.

/s/ Andy Nelms
K. ANDERSON NELMS (NEL022)
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K

**_PLAINTIFFS DEMAND TRIAL BY STRUCK JURY_**

**The Defendants may be served at the following address:**
**Michael B. O'Connor**
**105 Tallapoosa Street**
**Suite 101**
**Montgomery, AL 36117**