# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION



| | | |
|---|---|---|
| HENRY D. WHITAKER, | ✦ | |
| Plaintiff, | ✦ | |
| | ✦ | |
| vs. | ✦ | CIVIL ACTION NO.:2:07-CV-398-MEF |
| | ✦ | (Jury Demand) |
| META CONTROL, LLC., | ✦ | |
| | ✦ | |
| Defendant. | ✦ | |

## ANSWER OF META CONTROL, LLC.

**COMES NOW,** Defendant Meta Control, LLC. ("Defendant"), by and through its undersigned counsel, and hereby files this Answer to Plaintiff's Complaint, and states as follows:

1. Defendant admits the allegations in paragraph 1 of Plaintiff's Complaint as to the jurisdiction of this Court. The remaining allegations contained within paragraph 1 of Plaintiff's Complaint do not appear to require a response from Defendant. However, to the extent these allegations are an attempt to impose liability upon Defendant, these allegations are denied and strict proof thereof is demanded.

2. Defendant admits Plaintiff's place of employment was in Montgomery County, Alabama, within the Middle District of Alabama. To the extent the remaining allegations contained within paragraph 2 of Plaintiff's Complaint are an attempt to impose liability upon

Defendant, the allegations are denied and strict proof thereof is demanded.

3.    Defendant admits Plaintiff is over the age of 19 years.  The remaining allegations in paragraph 3 of the Complaint are denied and strict proof thereof is demanded.

4.    Defendant admits the allegations of paragraph 4 of the Complaint.

5.    The allegations contained within paragraph 5 of Plaintiff's Complaint  do not appear to require a response from Defendant.    However, to the extent these allegations are an attempt to impose liability upon Defendant, the allegations are denied and strict proof thereof is demanded.

6.    Defendant denies the allegations contained within paragraph 6 of Plaintiff's Complaint  and strict proof thereof is demanded.

7.    Defendant denies the allegations contained within paragraph 7 of Plaintiff's Complaint and strict proof thereof is demanded.

8.    Defendant denies the allegations contained within paragraph 8 of  Plaintiff's Complaint and strict proof thereof is demanded.

9.    Defendant denies the allegations contained within paragraph 9 of  Plaintiff's Complaint and strict proof thereof is demanded.

10.    The Defendant adopts and incorporates its responses to paragraphs 1 through 9 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

11.    Defendant denies the allegations contained within paragraph 11 of Plaintiff's Complaint and strict proof thereof is demanded.

12.    Defendant denies the allegations contained within paragraph 12 of Plaintiff's Complaint and strict proof thereof is demanded.

13.    Defendant denies the allegations contained within paragraph 13 of Plaintiff's Complaint and strict proof thereof is demanded.

14.    Defendant denies the allegations contained within paragraph 14 of Plaintiff's Complaint and strict proof thereof is demanded.

15.    Defendant denies the allegations contained within paragraph 15 of Plaintiff's Complaint and strict proof thereof is demanded.

16.    Defendant denies the allegations contained within paragraph 16 of Plaintiff's Complaint and strict proof thereof is demanded.

17.    Defendant denies the allegations contained within paragraph 17 of Plaintiff's Complaint and strict proof thereof is demanded.

18.    Defendant denies the allegations contained within paragraph 18 of Plaintiff's Complaint and strict proof thereof is demanded.

19.    Defendant denies the allegations contained within paragraph 19 of Plaintiff's Complaint and strict proof thereof is demanded.

20.    Defendant denies the allegations contained within paragraph 20 of Plaintiff's Complaint and strict proof thereof is demanded.

21.    Defendant denies the allegations contained within paragraph 21 of Plaintiff's Complaint and strict proof thereof is demanded.

22.     The Defendant adopts and incorporates its responses to paragraphs 1 through 21 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

23.     Defendant denies the allegations contained within paragraph 23 of Plaintiff's Complaint and strict proof thereof is demanded.

24.     Defendant denies the allegations contained within paragraph 24 of Plaintiff's Complaint and strict proof thereof is demanded.

25.     Defendant denies the allegations contained within paragraph 25 of Plaintiff's Complaint and strict proof thereof is demanded.

26.     Defendant denies the allegations contained within paragraph 26 of Plaintiff's Complaint and strict proof thereof is demanded.

27.     Defendant denies the allegations contained within paragraph 27 of Plaintiff's Complaint and strict proof thereof is demanded.

28.     Defendant denies the allegations contained within paragraph 28 of Plaintiff's Complaint and strict proof thereof is demanded.

29.     Defendant denies that Plaintiff is entitled to the relief as requested in Plaintiff's Complaint, including but not limited to, compensatory and punitive damages, equitable relief, attorney's fees or costs, injunctive relief and/or a declaratory judgment.

## AFFIRMATIVE DEFENSES

30.     Plaintiff's complaint, and each and every allegation stated therein, fails to state a claim against Defendant upon which relief can be granted.

31.     Plaintiff was an "employee-at-will" and he did not have any type of employment contract with Defendant.

32.     Plaintiff was terminated for good cause.

33.     Defendant did not discriminate against Plaintiff on the basis of race or on any other basis.

34.     Defendant would have made the same decision concerning Plaintiff's employment status irrespective his race.

35.     Defendant's actions concerning Plaintiff's employment were legitimate and based upon non-discriminatory factors.

36.     Defendant denies the material allegations of Plaintiff's Complaint, and demands strict proof thereof.

37.     Defendant denies all allegations not specifically, expressly admitted herein.

38.     Plaintiff was not subjected to a different application of work or disciplinary rules by Defendant.

39.     Defendant reserves the right to assert other defenses and claims when and if they become appropriate during this action.

Respectfully submitted this the 13th day of August 2007.

\s\ G. R. Trawick
**G. R. "Rick" TRAWICK (Ala. TRA007)**
**Algert S. Agricola, Jr. (Ala. AGR001)**
**ATTORNEYS FOR DEFENDANT**
**META CONTROL, LLC.**

**OF COUNSEL:**
**SLATEN & O'CONNOR, P.C.**
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, Alabama  36104
(334) 396-8882
(334) 398-8880 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing instrument upon the following attorney(s) of record by placing a copy of same in the United States Mail, postage prepaid this the 13th day of August, 2007

Andy Nelms
P. O. Box 5059
Montgomery, AL 36103
Phone: 334-263-7733
Fax: 334-832-4390
andynelms@jaylewislaw.com

\s\ G. R. "Rick" Trawick
**OF COUNSEL**

F:\Gen Litigation\Meta Control,LLC\Pleadiings\Answer.wpd