## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **HENRY D. WHITAKER,** | ✦ | |
| | ✦ | |
| **Plaintiff,** | ✦ | |
| | ✦ | |
| **vs.** | ✦ | **CASE NUMBER:  2:07-CV-398-MEF** |
| | ✦ | |
| **META CONTROL, LLC.,** | ✦ | **(Jury Demand)** |
| | ✦ | |
| **Defendant.** | ✦ | |

## EVIDENTIARY SUBMISSIONS OF DEFENDANT META CONTROL, LLC.
## IN SUPPORT OF A
## MOTION FOR SUMMARY JUDGMENT

Defendant Meta Control, LLC., files the attached documents in support of a Motion for Summary Judgment. The documents are also identified in the Brief in Support of Defendant's Summary Judgment Motion.

1.    Exhibit 1 is a copy of Articles of Organization of Meta Control, LLC.

2.    Exhibit 2 is the Affidavit of Chang S. "Chad" Cho, President of Meta Control, LLC.

3.    Exhibit 3 is a copy of a pertinent document contained in the personnel file of Plaintiff at Meta Control.

4.    Exhibit 4 is a copy of the Order of Income Withholding for Child Support Payments issued by the Circuit Court of Montgomery County regarding Plaintiff's salary.

5.  Exhibit 5 is a copy of the response of Meta Control LLC., to the Order of Income Withholding issued by the Circuit Court of Montgomery County regarding Plaintiff's salary.

6.  Exhibit 6 is a copy of a pertinent document contained in the personnel file of Jae Il Lee at Meta Control.

7.  Exhibit 7 is a copy of a pertinent document contained in the payroll records of Plaintiff at Meta Control, LLC.

8.  Exhibit 8 is a copy of a pertinent document contained in the payroll records of Plaintiff at Meta Control, LLC.

Respectfully submitted this 10th day of March 2008

G. R. "Rick" TRAWICK (Ala. TRA007)
Attorney for Defendant

SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street, Suite 101
Montgomery, Alabama  36104
(334) 396-8882
(334) 398-8880 fax
rtrawick@slatenlaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document upon the following attorney of record by placing a copy in the United States Mail, and postage prepaid this the 10th day of March 2008.

K. Anderson Nelms
P. O. Box 5059
Montgomery, Alabama
(334) 263-7733
(334) 832-4390

G. R. "Rick" Trawick

-3-

# EXHIBIT "1"

Corp. 255 pg. 965

# META CONTROL, L.L.C.

### A LIMITED LIABILITY COMPANY

### FORMED IN ALABAMA UNDER THE

### ALABAMA LIMITED LIABILITY ACT
### (CODE OF ALABAMA, (1975) § 10-12-1, AS AMENDED)

### FORMED APRIL 14, 2005

# ARTICLES OF ORGANIZATION

## OF

# META CONTROL, L.L.C.

The undersigned, for the purpose of forming a Limited Liability Company under Title 10, Chapter 12 of the **Code of Alabama**, (1975), as amended (the "Alabama Limited Liability Company Act"), hereby adopt and file the following Articles of Organization (the "Articles") with the Probate Judge of the County in which the initial registered office is located and attest that the facts contained therein are true and correct.

### ARTICLE I
### NAME

The name of the Limited Liability Company is **META CONTROL, L.L.C.** (the "Company").

### ARTICLE II
### DURATION

The period of duration of the Company shall commence on the date of the filing of the Articles and shall be perpetual unless it is sooner dissolved and its affairs wound up in accordance with the Articles or the Operating Agreement.

### ARTICLE III
### PURPOSE

The object or objects and the purposes for which the Company is organized and the powers which it shall have in furtherance of such objects or purposes are:

(a)     to install, fabricate, maintain, repair and control equipment, facilities and structures for automated factories and any ancillary activity or services thereto permitted under applicable Alabama law.

(b)     to engage in any or all lawful business of any kind or character whatsoever for which Limited Liability Companies may be organized pursuant to the Act;

(c)     to act as agent, representative, or receiver of any person, firm, corporation, or governmental entity or instrumentality in respect of any lawful undertaking or transaction;

(d)    to purchase, take, receive, lease, or otherwise acquire, own, hold, improve, use and otherwise deal in or with, real or personal property, or any interest therein, wherever situated, and to sell, convey, mortgage, pledge, lease, exchange, and otherwise dispose of real or personal property, or any interest therein in the manner and upon the terms as the members so determine, and to do all things lawful, necessary, and convenient which are incident, necessary, or connected with the business activities mentioned above;

(e)    to purchase, take, receive, subscribe for, or otherwise acquire, own, hold, vote, use employ, sell, mortgage, lend, pledge, or otherwise dispose of, and otherwise use and deal in and with, shares or other interests in, or obligations of, corporations, associations, partnerships, limited liability companies, individuals, or direct or indirect obligations of governmental entities or any instrumentality thereof;

(f)    to lend money, invest, and reinvest its funds and take and hold real and personal property as security for the payment of funds so loaned or invested; and

(g)    to do any and all things set out herein and such other things as are incidental or conclusive to the attainment of the objects and purposes of this Company, to the same extent  as natural persons might or could do and in any part of the world, as principal, factor, agent, contractor, or otherwise either alone or in conjunction with any persons, firm, association, corporation or any entity of any kind, and to do any and all such acts and things and to exercise to the fullest extent any law authorized, permitted, applicable or available, now or hereafter, to this Company.

## ARTICLE IV
## REGISTERED AGENT AND OFFICE

The location and street address of the initial registered office of the Company and the name of the registered agent at such address is:

Michael B. O'Connor
105 Tallapoosa Street, Suite 101
Montgomery, AL 36117

## ARTICLE V
## INITIAL MEMBER

The name and mailing address of the initial member (the "Member") of the Company is:

Chang S. Cho
2166 Franklin Street
Auburn, AL 36830

CORP   255   PAGE   968

## ARTICLE VI
## ORGANIZER

The name and mailing address of the organizer (the "Organizer") is:

Michael B. O'Connor
105 Tallapoosa Street, Suite 101
Montgomery, AL 36117

## ARTICLE VII
## ADDITIONAL MEMBERS

Upon unanimous written consent of the member or members, additional members may be admitted subject to the terms and conditions of the Company's Operating Agreement and § 10-12-31 of the *Code of Alabama (1975)*.

## ARTICLE VIII
## CONTINUATION OF BUSINESS

The Company may be reconstituted and the business of the Company shall continue upon the death, retirement, resignation, expulsion, bankruptcy or dissolution of a Member or occurrence of any event which terminates the continued membership of a Member in the Company (collectively, "Cessation of Membership"), as long as there is at least one (1) remaining Member and that Member carries on the business of the Company (any such remaining Member being hereby authorized to carry on the business of the Company), or within ninety (90) days after the Cessation of Membership of the last Member all of the holders of the financial rights in the Company agree in writing to continue the legal existence and business of the Company, and to the appointment, effective as of the date of such event, of one or more additional Members.

## ARTICLE IX
## OPERATING AGREEMENT

The Operating Agreement of the Company shall be executed by the Members of the Company and shall set forth all provisions for the affairs of the Company and the conduct of its business to the extent that such provisions are not inconsistent with the laws of the State of Alabama or these Articles.

## ARTICLE X
## LIABILITIES OF MEMBERS AND MANAGERS

Members and managers of the Company are not liable under a judgment, decree or order of a court, or in any other manner, for a debt, obligation or liability of the Company, whether arising in contract, tort, or otherwise, or for the acts or omissions of

any other member, manager, agent or employee of the Company.

## ARTICLE XI
## MANAGEMENT

The Company shall be managed by one (1) Manager. The initial Manager of the Company is **Chang S. Cho**.  Said Manager shall serve as the initial Manager of the Company and shall be responsible for the overall operation of the Company and shall have all powers conferred by law as well as those are necessary, advisable or consistent in connection therewith.

## ARTICLE XII
## DISTRIBUTION OF PROFITS

Distribution of Profits shall be governed by the Operating Agreement of **META CONTROL, L.L.C.**

## ARTICLE XIII
## AMENDMENTS

Amendments shall be governed by the Operating Agreement § 10-12-11 of the **Code of Alabama** (1975).

## ARTICLE IVX
## DISSOLUTION

Dissolution shall be governed by the requirements set forth in § 10-12-37 of the **Code of Alabama** (1975).

**IN WITNESS WHEREOF**, these Articles have been subscribed this 14th day of April, 2005, by the undersigned Organizer, who affirms that the statements made herein are true under the penalties of perjury.

**Michael B. O'Connor, Organizer**

**STATE OF ALABAMA**
**COUNTY OF MONTGOMERY**

I, the undersigned authority, a Notary Public, in and for said County and State, hereby certify that Michael B. O'Connor appeared before me on this day, and on oath stated that the matters contained in said Articles are true.

**GIVEN** under my hand and seal, this 14 day of April , 2005.

Janice B. Hughes
Notary Public
My Commission Expires: 11-4-2006

**THIS DOCUMENT WAS PREPARED BY:**

Slaten & O'Connor, P.C.
105 Tallapoosa Street, Suite 101
Montgomery, AL36104
Tel: 334-396-8882
Fax: 334-396-8880

State of Alabama Montgomery Co
I Certify This Document
was filed on
4/14/05 3:57:23 PM    Abstract# 37963
Reese McKinney, Jr.
Judge of Probate

| | | |
|---|---|---|
| LLC (Limited Liability Corp) | | $ 40.00 |
| 1 Index Fee | | $5.00 |
| 6 @0.00per page fee | | $0.00 |
| 1 Recording Fee | | $35.00 |

# EXHIBIT "2"



UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HENRY D. WHITAKER, | ✦ | |
| Plaintiff, | ✦ | |
| | ✦ | |
| | ✦ | |
| vs. | ✦ | CASE NUMBER:  2:07-CV-398-MEF |
| | ✦ | |
| META CONTROL, LLC., | ✦ | (Jury Demand) |
| | ✦ | |
| Defendant. | ✦ | |

## AFFIDAVIT OF CHANG S. "CHAD" CHO

BEFORE ME, the undersigned Notary Public in and for the State of Alabama and County

of Montgomery, personally appeared Chang S. "Chad" Cho and, who is known to me and being

duly sworn, deposes and says as follows:

1.     My name is Chang S. Cho.  To my friends and business acquaintances, I am

known as Chad Cho. I am the President and Chief Executive Officer of Meta Control, LLC.

("Meta Control").

2.     I currently live in Montgomery County, Alabama.  I make this affidavit of my

own personal knowledge and in support of a Motion for Summary Judgment filed by Meta

Control, a defendant in the above-styled case, currently pending in the United States District

Court for the Middle District of Alabama.

3.     Meta Control is a limited liability company organized pursuant to the Alabama

-1-

Limited Liability Company Act, to install, fabricate, maintain, repair and control equipment, facilities and structures for automated factories and automobile industries. The employees of Meta Control design, manufacture, install, test, and/or maintain equipment that is used in the process of assembling automobiles and assembling parts for automobiles. See, Exhibit 1, Documents in Support of Defendant's Motion for Summary Judgment.

4.    The customers of Meta Control include Hyundai Motor Manufacturing of Alabama ("HMMA") and many of the Korean companies who are suppliers to HMMA. The nature of the business of Meta Control requires that its employees work in the HMMA automobile plant, the plant of the suppliers, and/or at the plant of Meta Control.

5.    I have read the Complaint filed by Henry D. Whitaker in this case. The plaintiff is known to me as DeWayne Whitaker ("Whitaker"). Whitaker is a Caucasian male.

6.    As the President and Chief Executive Officer of Meta Control, I am familiar with the business records of Meta Control. Also, I have access to and ultimate control of these business records, including the personnel files of all employees. I have reviewed the documents identified as Exhibits 1 & 3-7 to be filed in support of a Motion for Summary Judgment. Exhibits 1 & 3-7 are true and correct copies of business records of Meta Control. These documents are made and kept in the regular course of business and it was the practice of the company to make and keep these documents.

7.    In August 2005, Whitaker applied for a welder position with Meta Control. I interviewed him and made the decision to offer him employment as a welder. He accepted the position and started working as a welder with Meta Control in August 2005, at an hourly rate

of $14.00 per hour.    There was no employment contract between Meta Control and Whitaker.
He was, at all times, an at-will-employee of Meta Control.    See, Exhibit 3, Documents in
Support of Defendant's Motion for Summary Judgment.

       8.     In early October 2005, I talked with Whitaker about a promotion to the position
of production supervisor, also referred to as a team leader. Meta Control needed someone to
supervise the welders who were working at the various job sites. Whitaker agreed to accept
the promotion effective October 31, 2005.

       9.     Whitaker was promoted to the position of production supervisor, also referred
to as team leader, with a salary of Forty Thousand Dollars ($40,000) per year. I made the
decision to promote Whitaker.    See, Exhibit 3, Documents in Support of Defendant's
Motion for Summary Judgment.

      10.    The position of production supervisor, also referred to as a team leader, and the
position of production manager are entirely different positions at Meta Control. The positions
of production manger at Meta Control are held by the engineers.

      11.    Whitaker never held the position of production manager during the time he was
employed by Meta Control. When Whitaker worked for Meta Control, each of the production
supervisors or team leaders was supervised by a production manager.

      12.    All of the engineers, at the time Whitaker worked for Meta Control, are Korean
and all had prior experience performing the duties they performed for the company.

      13.    After Whitaker's promotion, Meta Control employed three (3) production
managers or engineers. The engineers were Byung Gyoo "Greg" Min, Sang Soo "Steve" An,

-3-

and Hyung Seon Pyo.

14.    When Whitaker held the position of production supervisor, also referred to as team leader, he was supervised by Sang Soo "Steve" An.

15.    In late October 2005, Meta Control received notice that Whitaker's salary was subject to a withholding order of the Circuit Court of Montgomery County, Alabama (Family Division) for child support payments. Meta Control answered the court's order on or about November 2, 2005, and started withholding moneys from his salary, as required by the court order.    See, Exhibits 4 & 5, Documents in Support of Defendant's Motion for Summary Judgment.

16.    When Whitaker was employed by Meta Control, the engineers had a lot of experience performing their duties. However, they did not speak English very well. I decided that Meta Control should employ someone who spoke Korean and English to act as a liaison between the engineers and the other employees who did not speak Korean. Whitaker did not speak Korean when he was employed by Meta Control.

17.    In November 2005, Meta Control employed Jae Il Lee ("Lee") to work as an Assistant Production Manager. Lee's nationality is Korean. Lee's duties included acting as a liaison between the engineers and the team leaders. Lee also translated and conveyed instructions and/or directions from the engineers to the team leaders. Lee speaks both Korean and English. Lee received instructions from the engineers in Korean and then conveyed the instructions to other staff, as required, in English.    See, Exhibit 6, Documents in Support of Defendant's Motion for Summary Judgment.

-4-

18.    I made the decision to employ Lee and gave him the title Assistant Production Manager. I told all of the production supervisors, including Whitaker, that Lee would be conveying instructions and/or directions from the engineers to them. I also told the production supervisors, including Whitaker, that Lee would act as a liaison between them and the engineers.

19.    In February 2006, Whitaker requested that he be allowed to take a voluntary demotion to his prior position of a welder. The reason given by Whitaker for this request was that he could earn more moneys working overtime as a welder. I granted Whitaker's request to take a voluntary demotion. I also decided that Whitaker would receive an hourly rate of pay of $19.00 per hour. See, Exhibit 7, Documents in Support of Defendant's Motion for Summary Judgment.

20.    When Whitaker worked overtime, he was able to significantly increase his bimonthly earnings by working overtime as a welder. For example, Whitaker's bimonthly pay as a salaried production supervisor was $1,666.67 on January 27, 2006, and his bimonthly pay on February 27, 2005, as an hourly welder working overtime was $3,471.40. See, Exhibits 7 & 8, Documents in Support of Defendant's Motion for Summary Judgment.

21.    In May 2006, Whitaker started engaging in heated disagreements with employees of Meta Control, including Lee, and engaging in temper tantrums in the presence of persons employed by the customers of Meta Control. On several occasions, I personally witnessed these temper tantrums and had to intervene to keep the situation from escalating.

22.    On several occasions, Lee reported to me that Whitaker refused to follow job

related instructions and threaten him because of a disagreement with the instructions.  On one occasion, I observed Whitaker engage in a heated disagreement with Lee and heard him threaten Lee.  I intervened to stop this incident.  Lee told me he was translating instructions from the engineers.

23.    I did not immediately terminate Whitaker.  Generally, Whitaker performed the duties of a welder in a satisfactory manner.  I was concerned that Whitaker's temper tantrums at work were related in some manner to his life away from work.  Also, I thought Whitaker may have resented Lee giving job related instructions to him. I met with Whitaker on several occasions and counseled him about complying with job related instructions and behaving appropriately in the workplace. Whitaker always had an excuse for his behavior or defended his actions as disagreements with, or concerns related to the manner in which other employees of Meta Control performed their duties.  He always promised that he would be careful in  the future about his behavior in the workplace.

24.    While working at HMMA in May 2006, Whitaker responded to the instructions of an HMMA supervisor by engaging in a temper tantrum, cursing the supervisor and making threatening remarks.  I personally witnessed this incident and overheard Whitaker cursing the HMMA supervisor.  The incident caused serious problems because Meta Control might go out of business if it lost HMMA as a customer.  After this incident, I started to think about terminating Whitaker.

25.    A few days after the HMMA incident, Whitaker barged into my office and demanded that I terminate Lee because of a disagreement with a job related issue.  I told

Whitaker that I would talk with Lee. Whitaker became angry and accused me of not believing him and taking Lee's side. Whitaker said something to the effect "this is not the end of this" and as he was leaving my office he said "and, I know where you live." This statement by Whitaker frightened me. After this incident, I made the decision to terminate Whitaker's employment with Meta Control.

26.     After Whitaker's termination, Lee remained in the position of Assistant Production Manager until his employment with Meta Control ended. Lee has returned to Korean and no longer works with Meta Control.

27.     During the time that Lee was employed by Meta Control, he held the same position.

28.     Whitaker has not filed a claim or lawsuit against Meta Control based upon a claim of wrongful termination for an on-the-job injury in violation of Alabama Workers' Compensation Act.

29.     Meta Control was formed in April 2005. I have been President of Meta Control since the date it was formed. No other employee of Meta Control has engaged in behavior similar to the behavior demonstrated by Whitaker in the workplace.

30.     I have terminated several Caucasian employees and non-Caucasian employees because of poor job performance.

31.     My decision to terminate Whitaker was based on his inappropriate behavior in the workplace and the incident when he barged into my office, demanded that I terminate Lee, and threatened me.

32.    My decision to terminate Whitaker had absolutely nothing to do with his race.



_____
Chang S. "Chad" Cho

BEFORE me, the undersigned authority, personally appeared Chang S. "Chad" Cho who, being by me first duly sworn, does depose and say that the statements contained in the above and foregoing Affidavit are true and correct to the best of his information, knowledge and belief.

DATED this 10th day of March 2008.

(SEAL)

_____
Notary Public

My Commission Expires: 11-13-2010

-8-

# EXHIBIT "3"

# Salary Change

Employee: __Henry D. Whitaker_____    Date Started: __Aug. 25, 2005_____
Department: _____    Supervisor: _____
Position(s): __Production Supervisor_____

## Last Two Instances

(1) From  __$ 14_____   To  __$ 40,000.00__    Date  __Oct. 31, 2005_____
(2) From  __$_____      To  __$_____      Date  _____
Last Performance Analysis: _____

_____ **Salary increase recommended**

From  __$_____  To  __$_____        Effective: _____
____ Merit                    ____ In Budget         __x__ Exempt
____ Adjustment               ____ Not in Budget     ____ Non-Exempt
__x__ Promotion (if promotion, attach new job description.)
Reason for increase: _____

_____ **No Salary increase recommended**

Based on performance analysis dated: _____
Other: _____

Comments: _____
_____
_____

_____          __10-31-05_____
Employee Signature                        Date

Approval
_____          __10/21/05_____
Human Resource Signature                  Date

_____          _____
President Signature                       Date

# EXHIBIT "4"

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
DOMESTIC RELATIONS DIVISION

YVONNE J. WHITAKER
    and
HENRY D. WHITAKER

)  CASE NO. DR-99-247
)
)  EMPLOYEE: Henry D. Whitaker
)
)
)  SS Number:  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

AMENDED ORDER OF CONTINUING INCOME WITHHOLDING FOR SUPPORT

THIS ORDER OF CONTINUING INCOME WITHHOLDING FOR SUPPORT is issued pursuant to the provisions of §30-3-61, Code of Alabama, 1975, as a means of child support enforcement and is specifically incorporated by reference in this Court's Order, entered herein on July 6, 1999.

It is, therefore, ORDERED, ADJUDGED, AND DECREED as follows:

1.  The Employer, or any future employer, is hereby ORDERED to withhold from income due or to become due said Employee, the sum of $ 565.60  per  month  , as current child support, but not to exceed 50% of the Employee's disposable earnings, for the support and maintenance of the Employee's minor child(ren). Remit the total amount deducted within Seven (7) business days of deduction to the Deputy Register, Circuit Court of Montgomery County, P. O. Box 1667, Montgomery, Alabama 36102-1667, payee, until further Order of this Court.

2.  All payments made by the Employer shall be made payable to the above payee, at the address listed, who shall make distribution of said payments.

3.  Costs are hereby taxed against the Employee and are to be withheld by the Employer with the first installment.

4.  This Order shall be binding upon the Employer and any successive Employer fourteen (14) days after service, pursuant to the Alabama Rules of Civil Procedure, and shall remain effective until further Order of the Court.

5.  The Employer shall not use this Order as a basis for the discharge of the Employee.

6.  The Employee, as required by law, must notify the: Deputy Register, Circuit Court of Montgomery County, Post Office Box 1667, Montgomery, Al 36102-1667, of any change of employment, as well as the name and address of any new Employer. The Employer is requested to make the same information, when known, available to the above listed office.

FILED

7.  A copy of this Order may be served upon the Employer in

accordance with the provisions of §30-3-61, Code of Alabama, 1975, and the Alabama Rules of Civil Procedure.

8. That failure to answer and/or comply with this Order may subject the Employer to punishment for contempt of Court and/or liability for support not withheld as Ordered.

9. This Order shall not be served on the employer until requested pursuant to law.

DONE this the 6th day of July, 1999.

W. MARK ANDERSON, III
CIRCUIT JUDGE


EMPLOYER:

Dublin Machine, Inc.
Route 1
Grady, Alabama 36069

187

# EXHIBIT "5"

Case No ___ OR- 99 -247

EMPLOYER'S ANSWER
TO ORDER OF INCOME WITHHOLDING FOR SUPPORT

IN THE CIRCUIT (FAMILY) COURT OF MONTGOMERY COUNTY, ALABAMA

PAYEE _Uvonne J Whitaker_ v. PAYOR _Henry D. Whitaker_
Address: _11021 Huffman Rd_        Address: _706 River Oaks Court_
_Grady AL 36036_            _Wetumpka AL 36092_
EMPLOYER: _Meta Control LLC_    SSN#: _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_
Address: _6200 Brewbaker Blvd_
_Montgomery AL 36111_

AFTER READING THE ENCLOSED COURT DOCUMENTS, CHECK THE APPROPRIATE
ANSWER(S) BELOW AND SIGN. RETURN ORIGINAL TO THIS COURT AT THE ADDRESS BELOW,
AND RETAIN A COPY FOR YOUR RECORD.

(1) ___✓___  PAYOR is employed and his/her gross income is $_1466.67_ per _Semi-Monthly_ (weekly, bi-
weekly, monthly). After deducting Federal Taxes, State Taxes, Social Security Taxes and any
City Taxes, Payor's "disposable earnings" are $_1346.07_ per _Semi-monthly_ (weekly, bi-weekly,
monthly). Employer will withhold from the Payor's disposable earnings the dollar amount(9s)
indicated in the Court's Order, but not in excess of the percentage indicated in the Order.

(2) _____  PAYOR is employed. However, his wages are currently subject to a writ of garnishment, and
$_____ per _____ is being withheld under such writ of garnishment to satisfy a
judgment payable to (name of judgment/creditor) _____
I will discontinue withholding on the writ of garnishment and begin withholding under this Order
of Income Withholding for Child Support in keeping with the enclosed "Instructions to
Employer" and as I have above indicated in block (1), unless instructed otherwise by the Court.

(3) _____  PAYOR is employed. However, his wages are already subject to an Order of Income
Withholding for Child Support and $_____ per _____ is being withheld under such
order. The amount(s) currently being withheld are equal to _____ % of the employee'
disposable earnings. Employer awaits further instructions from the Court as to any additiona
amounts to withhold.

(4) _____  PAYOR is **not** employed. This Employer is not indebted to the Payor when process wa
received, or when making this answer, or during intervening time.

(5) _____  Other (Explain): _____

_____
Employer (Signature)

Sworn to and subscribed before me on this the
_2_ day of _Ahvember_, _2005_

_____
Notary Public/Clerk/Register

ADDRESS OF COURT:
Family Court
Post Office Box 1667
Montgomery, Alabama 36102-1667
(334) 832-1290

# EXHIBIT "6"

META CONTROL

## NEW EMPLOYEE INFORMATION / STATUS CHANGE FORM

### PERSONAL INFORMATION

Employee Name:
(Last, First, Middle)    *LEE JAE IL*

Address:    *1008 watchman circle apt g montgomery al 36116*

City, State, Zip:

Home Phone:    (    )                    Alternate Phone:    (    )

E-mail Address:    *golsu77@hotmail.com*

S.S.N.:

Birth Date:    *1977/07/11*                    Marital Status:    *S*

AL W/H    *S-O*                    FED W/H    *S-O*

Spouse's Name:                    Spouse's Work Phone:    (    )

### JOB INFORMATION

Title:    *Assistant Production Manager.*    Employee ID:

Supervisor:    Department:

Work Location:    E-mail Address:

Work Phone:    (    )    Cell Phone:    (    )

Start Date:    *11/7/05*    Salary:    $

### EMPLOYMENT CHANGES

| | | | | Department: |
|---|---|---|---|---|
| New Hire: | ☒ | Job Title: | | |
| | | | | Department: |
| Rehire: | ☐ | Job Title: | | |
| | | | End Date: | Department: |
| Temporary: | ☐ | Start Date: | | |
| | | | End Date: | Department: |
| Replacement: | ☐ | Start Date: | | |

### CLASSIFICATION CHANGES

| Change | | Old Information | New Information |
|---|---|---|---|
| Transfer: | ☐ | Title/Dept: | Title/Dept: |
| Promotion: | ☐ | Title/Dept: | Title/Dept: |
| Title: | ☐ | Title/Dept: | Title/Dept: |
| Shift: | ☐ | Shift: | Shift: |
| Location: | ☐ | Location: | Location: |
| Salary: | ☐ | Salary: | Salary: |

# EXHIBIT "7"

Whitaker,H   Henry D. Whitaker     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     2/27/0    3/12/06     3/17/06

| | | | | | | |
|---|---|---|---|---|---|---|
| Regular | 19.00 | 80.00 | 1,520.00 | Gross | 3,471.40 | 16,522.97 |
| Overtime | 28.50 | 68.47 | 1,951.40 | Fed Income | -464.21 | -1,854.40 |
| | | | | Soc Sec | -215.23 | -1,024.42 |
| | | | | Medicare | -50.34 | -239.60 |
| | | | | State | -138.05 | -651.38 |
| | | | | GrpHealth | -14.70 | -161.70 |
| | | | | GARNISH | -282.80 | -1,696.80 |

2     148.47       3471.40      16522.97      $2,306.07      13070

Mar 17, 2006

2306.07

Two Thousand Three Hundred Six and 07/100 Dollars

Henry D. Whitaker                           Duplicate
706 River Oaks Court
Wetumpka, AL 36092
USA

Whitaker,H   Henry D. Whitaker     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     2/27/06    - 3/12/06     3/17/06

| | | | | | | |
|---|---|---|---|---|---|---|
| Regular | 19.00 | 80.00 | 1,520.00 | Gross | 3,471.40 | 16,522.97 |
| Overtime | 28.50 | 68.47 | 1,951.40 | Fed Income | -464.21 | -1,854.40 |
| | | | | Soc Sec | -215.23 | -1,024.42 |
| | | | | Medicare | -50.34 | -239.60 |
| | | | | State | -138.05 | -651.38 |
| | | | | GrpHealth | -14.70 | -161.70 |
| | | | | GARNISH | -282.80 | -1,696.80 |

2     148.47       3471.40      16522.97      $2,306.07      13070

# EXHIBIT "8"

7/11/06 at 10:01:06.40

## Meta Control
## Payroll Register

Filter Criteria includes: 1) Direct Deposit Employees. Report order is by Check Number. Report is printed in Detail Format.

| Employee ID Employee SS No Reference Date | Pay Type | Pay Hr | Pay Amt | Amount | Gross State Emg. Loan Adj.Payroll LABOR SUI_ER | Fed_Income Local GARNISH Rent Soc_Sec_ER | Soc_Sec GrpHealth GARNISH 2 Auto Medicare_E | Medicare Paid Adv. Emp.Benf. GARNISH 3 FUTA_ER |
|---|---|---|---|---|---|---|---|---|
| Whitaker,H Henry D. Whitaker 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 30008 12/15/05 | Regular | | 1,666.67 | 1,028.06 | 1,666.67 -63.74 | -125.17 -292.80 -103.33 | -103.33 -29.40 -24.17 | -24.17 |
| Whitaker,H Henry D. Whitaker 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 30014 12/29/05 | Regular | | 1,666.67 | 1,038.06 | 1,666.67 -63.74 -45.00 | -125.17 -282.80 -103.33 | -103.33 -29.40 -24.17 | -24.17 |
| Whitaker,H Henry D. Whitaker 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 11384 1/15/06 | Regular | | 1,666.67 | 1,039.83 | 1,666.67 -63.84 | -123.30 -282.80 -103.33 | -103.33 -29.40 -24.17 | -24.17 -13.33 115.40 |
| Whitaker,H Henry D. Whitaker 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 30028 1/27/06 | Regular | | 1,666.67 | 1,039.83 | 1,666.67 -63.84 -45.00 | -123.30 -282.80 -103.33 | -103.33 -29.40 -24.17 | -24.17 -13.33 |