**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **HENRY D. WHITAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 2:07-cv-00398-MEF** |
| | ) | |
| **META CONTROL, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff Henry D. Whitaker, pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, and respectfully requests that this Honorable Court deny Defendant Meta Control, LLC's Motion for Summary Judgment because genuine issues of material fact remain as to Plaintiff's claims against Defendant. In support thereof, Plaintiff presents the following documents:

1. Memorandum Brief filed contemporaneously with this Response; and
2. Plaintiff Henry D. Whitaker's EEOC Charge of Discrimination statement.

THE PREMISES CONSIDERED, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion for Summary Judgment.

RESPECTFULLY SUBMITTED this the 25th day of March, 2008.

/s/ Andy Nelms
K. Anderson Nelms
Anderson Nelms & Associates, LLC
P.O. Box 5059
Montgomery, AL 36103

(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
Andynelms@andersonnelms.com
ASB-6972-E63K

**CERTIFICATE OF SERVICE**

I hereby certify that on the _25th_ day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

G.R. Trawick
Attorney for Defendant
SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104

/s/ Andy Nelms

K. Anderson Nelms
Anderson Nelms & Associates, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
Andynelms@andersonnelms.com
ASB-2014-E66J

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **HENRY D. WHITAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 2:07-cv-00398-MEF** |
| | ) | |
| **META CONTROL, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** Plaintiff Henry D. Whitaker ("Plaintiff"), by and through his attorney of record, and would submit the following brief in support of his response to Defendant Meta Control, LLC's ("Defendant") Motion for Summary Judgment:

## I. STATEMENT OF THE CASE

In August, 2005, Plaintiff, a Caucasian male, began working for Defendant in Montgomery, Alabama, as a Production Manager. On or about May 23, 2006, Defendant, by and through its president, Chad Cho, terminated Plaintiff. According to Mr. Cho, Defendant terminated Plaintiff as the result of a recent health condition. Plaintiff had recently experienced two medical conditions[1] however neither affected his ability to perform job-related duties. On May 7, 2007, Plaintiff filed his Complaint against Defendant for its violations of his federally protected rights under 42 U.S.C. § 1981. On May 21, 2007, Plaintiff perfected service of process

[1]In March, 2006, Plaintiff suffered a job-related injury to his hand. Likewise, a few days prior to his termination, he visited his physician for blood-pressure related symptoms.

upon Defendant. On August 13, 2007, Defendant filed its Answer denying all of Plaintiff's allegations except those pertaining to jurisdiction.

## II. STATEMENT OF MATERIAL FACTS

On or about August 29, 2005, Plaintiff, a Caucasian male, began his employment as a production manager with Defendant at its Montgomery, Alabama location. Ex. A, ¶ 2, Whitaker's EEOC Charge of Discrimination. On or about May 23, 2006, Defendant, by and through its president, Chad Cho, terminated Plaintiff's employment. *Id.* Defendant stated that it was terminating Plaintiff due to Plaintiff's recent health related problems. *Id.* Plaintiff had recently experienced a job-related hand injury as well as symptoms related to high blood pressure however these conditions did not affect Plaintiff's job performance. *Id.*

Prior to Plaintiff's termination, Defendant hired Mr. Lee, a Korean male, as an assistant to Plaintiff. *Id.*, ¶ 4. Likewise, Mr. Cho instructed Plaintiff to educate and/or train Mr. Lee in every aspect of Plaintiff's job as a production manager. *Id.* Plaintiff complied with Mr. Cho's request. *Id.* Subsequent to Plaintiff's termination, Mr. Lee, being much less qualified than Plaintiff, was placed in Plaintiff's former position. *Id.*

## III. LEGAL ARGUMENT

### A. SUMMARY JUDGMENT STANDARD

Under the provisions of Rule 56(c), F.R.C.P., summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex v. Cattrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant "always bears the initial responsibility of informing the district court of the basis for its motion"... and ... must "demonstrate the absence of a genuine issue of material fact." *Id*.

After the movant has met its burden under Rule 56(c), the non-movant must set forth "specific facts showing that there is a genuine issue for trial" Id. In ruling, the Court "must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14, 91 L.Ed.2d 202 (1986); cited in *Reeves v. Thigpen*, 879 F.Supp 1153, 1166 (M.D.Ala. 1995).

In entertaining a motion for summary judgment, the court should review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but the court may not make credibility judgments or weigh the evidence. *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990). Although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence supporting the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses. 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, pp. 299-300 (2d Ed. 1995); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000).

In an employment discrimination case, the court is required to consider the evidence supporting the plaintiff's prima facie case and any such evidence tending to undermine the defendant's nondiscriminatory explanation. The existence of a prima facie case combined with sufficient evidence for the trier of fact to disbelieve the defendant's proffered nondiscriminatory reason for the employment action it took is sufficient for the trier of fact to infer the ultimate fact of discrimination. *Reeves*, at 147.

**B. ARGUMENT-RACE DISCRIMINATION**

**1. 42 U.S.C. § 1981.**

Plaintiff contends that the defendant discriminated against him, a Caucasian male employee, with respect to his termination.

42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens ... .". The phrase "to make and enforce contracts" is defined in subsection (b) of this statute as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." In *Ferrill v. The Parker Group*, 168 F.3d 468, 472 (11th Cir. 1999), the Eleventh Circuit interpreted this code section to include employment contracts. In addition, this court has held that a claim under Section 1981 can be asserted by an at-will-employee because there is a contract as that term is used in Section 1981. *See Lane v. Ogden Entertainment, Inc.*, 12 F. Supp. 2d 1261, 1272 (M.D. Ala. 1998); *see also Faulk v. Home Oil Company, Inc.*, 184 F.R.D. 645, 1999 U.S. Dist. LEXIS 2891 (M.D. Ala. 1999).

To establish a *prima facie* case of discrimination under 42 U.S.C. § 1981, a plaintiff must demonstrate that (1) he is a member of a racial minority, (2) defendant intentionally discriminated on the basis of plaintiff's race, and (3) defendant's discrimination concerned an activity enumerated in the statute. *Kinnon v. Arcoub, Gopman & Associates, Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) (*quoting Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270 (11th Cir. 2004)). In *McDonald v. Santa Fe Trail Transportation Co.*, the Supreme Court held that "§ 1981 is applicable to racial discrimination in private employment against white persons."

427 U.S. 273, 286 (1976).

**2. Circumstantial Evidence.**

**i. Overview of the Legal Paradigm.**

Courts use the same analysis for claims brought pursuant to 42 U.S.C. § 1981 as they do for claims under Title VII of the *Civil Rights Act of 1964*. *Standard v. A.B.E.I. Services, Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). Therefore, such individual disparate treatment claims in which the plaintiff lacks direct evidence are analyzed under the framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) in conjunction with *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981). This framework places upon the plaintiff the burden of establishing a *prima facie* case of disparate impact discrimination. Essentially, the plaintiff produces sufficient evidence to allow a fact-finder to draw a reasonable inference that the defendant used prohibited criteria in making an adverse employment decision regarding the plaintiff.

Plaintiff concedes that Defendant's liability for race discrimination is predicated upon circumstantial evidence. Circumstantial evidence of racial animus can be difficult to produce, it is appropriate to use the three-step burden shifting framework developed in *McDonnell Douglas Corp.* to analyze circumstantial evidence of discrimination. First, "the plaintiff must create an inference of discrimination by establishing a *prima facie* case. If he does so, the defendant must 'articulate some legitimate, nondiscriminatory reason for the employee's rejection.'...The plaintiff may then attempt to show that these reasons are pretextual or may present other evidence to show that discriminatory intent was more likely the cause of the employer's actions." *McDonnell Douglas Corp.*, 411 U.S. at 802; *see also Burdine*, 450 U.S. at 256.

In a race discrimination case which resulted in the plaintiff's termination, the plaintiff must show: (1) that he belongs to a protected racial group; (2) that he was qualified for the position at issue; (3) he was subjected to an adverse employment action, such as termination or discharge, to which non-protected persons were not subjected; (4) that the adverse action was based on his race. *McDonnell Douglas Corporation*, 411 U.S. 792.

If a plaintiff chooses to make use of the *McDonnell Douglas* presumption, he initially does not need to present evidence from which the trier of fact could conclude that the adverse employment action taken against her was caused by improper discrimination. Instead, he need only establish that (1) an adverse employment action was taken against him, (2) he was qualified for the job position in question, and (3) different treatment was given to someone who differs with regard to the relevant personal characteristic. *Wright v. Southland Corp.*, 187 F.3d 1287 (11th Cir. 1999).

A plaintiff's *prima facie* case raises a presumption of illegal discrimination. *Burdine*, 450 U.S. at 254; *see also Hunter v. Citibank, N.A.*, 862 F.Supp. 902 (E.D.N.Y.1994), affirmed 60 F.3d 810, certiorari denied 116 S.Ct. 483, 516 U.S. 978, 133 L.Ed.2d 410. (Upon a showing by Plaintiff that he has met his *prima facie* burden, an inference of discriminatory intent is raised). As a general rule, "[d]emonstrating a *prima facie* case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination." *Holifield v. Reno,* 115 F.3d 1555, 1562 (11th Cir.1997).[2]

---

[2] In the Eleventh Circuit, the satisfaction of the McDonnell Douglas test raises a "presumption," but not an "inference." *Walker v. Mortham*, 158 F.3d 1177, 1184, n. 10 (11th Cir. 1998).

**ii. Plaintiff can prove a *prima facie* case of discriminatory employment termination.**

Plaintiff has established a *prima facie* case of racial discrimination by satisfaction of the four requisite elements of the *McDonnell Douglas Corp.* framework. As elucidated above, Plaintiff's race, Caucasian, is a protected class under 42 U.S.C. § 1981. Therefore, it is undisputed that Plaintiff has satisfied the first element of a *prima facie* case of race discrimination. In addition, Defendant's concession[3] implies that Plaintiff was qualified for the job at issue which in turn satisfies the second element of a *prima facie* case of race discrimination.

In addition, Plaintiff has satisfied the third requisite element of a *prima facie* case of race discrimination. Defendant states that, "Lee's position [as a welder] is totally immaterial to a claim of wrongful termination by Whitaker based on race." However, this statement is inaccurate in that Plaintiff was not a welder but rather a production manager. Ex. A, ¶ 2, Whitaker's EEOC Charge of Discrimination. As expounded above, it is undisputed that Plaintiff was qualified for the position of production manager.

Similarly, Plaintiff has satisfied the fourth and final requisite element of a *prima facie* case of race discrimination. The Eleventh Circuit has adopted two means through which a plaintiff can prove the fourth element. First, a plaintiff can prove that he was replaced by a person outside his protected class. Second, a plaintiff can prove that he was treated less favorably than a similarly situated individual outside his protected class. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003); *Keel v. U.S. Dep't of Air Force*, 256 F. Supp.

---

[3] In its Motion for Summary Judgment, Defendant states that Cho "also made the decision to promote Whitaker to the position of production supervisor." Defendant's Motion for Summary Judgment, Pg. 15, ¶ 2.

1269, 1285 (M.D. Ala. 2003); *accord Williams v. Motorola*, 303 F. 3d 1284, 1293 (11th Cir. 2002).

Lastly, Plaintiff has satisfied both methods of proof elucidated in *Maynard* to establish the fourth element of his *prima facie* case of race discrimination. Defendant states that, "Cho made the decision to promote Whitaker to the position of production supervisor in October 2005. Lee was employed in November 2005 to fill the position of assistant production manager." Def.'s Motion for Summary Judgment, Pg. 16, ¶ 3. In addition, Plaintiff states that, "I was instructed by Mr. Cho to educate Mr. Lee in every aspect of my job as production manager." Ex. A, ¶ 4, Whitaker's EEOC Charge of Discrimination. In satisfaction of the first method of proof, Plaintiff states that "Mr. Lee was afforded the opportunity to take my job because of his race and national origin being that of Korean." *Id* Certainly, the fact that Plaintiff was terminated while Mr. Lee, the individual Plaintiff trained to perform "every aspect" of Plaintiff's job, was retained in that position satisfies the Eleventh Circuit's second method of proof.

Plaintiff has established a *prima facie* case. Plaintiff, a Caucasian male, was terminated by Defendant in a job he was qualified to do, while a Korean production manager was treated more favorably, in that he was promoted to Plaintiff's former position, despite his lack of qualifications. Plaintiff submits that there are genuine issues of material fact as to this point making this case inappropriate for summary judgment. The Court is requested to deny Defendant's motion.

**3. Defendant's proffered legitimate non-discriminatory reason is pretext**.

Plaintiff contends that Defendants' proffered legitimate non-discriminatory reason for Plaintiff's termination is pretext.

Assuming that Plaintiff has established a *prima facie* case, the burden shifts to Defendant to articulate a legitimate non-discriminatory reason for Plaintiff's termination. *McDonnell Douglas*, 411 U.S. at 802. An employer's burden is "exceedingly light" requiring only that the employer offer evidence that could lead a rational fact-finder to believe the decision was not discriminatory. *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1061 (1994). In the event the defendant is successful in satisfying this burden, "the McDonnell Douglas framework - with its presumptions and burdens - disappear[s] and the sole remaining issue [is] discrimination vel non." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142-43 (2000).

At the summary judgment phase, plaintiff can establish pretext by "presenting evidence tending to show that the predicate facts underlying the proffered reason were false" and that "the employer knew them to be false at the time of [its] purposed reliance" or that "the proffered reason may involve a disputed fact of a kind that it is improbable that the employer could be mistaken about it." *Keel v. Roche*, 256 F. Supp. 2d 1269, 1287 (M.D. Ala. 2003) (*quoting Walker v,. Nations Bank of Fla.*, 53 F.3d 1548, 1564 (11th Cir. 1995)). The remaining issue is whether the plaintiff has presented sufficient evidence from which a reasonable jury could find that a discriminatory reason motivated the employer or that the employer's proffered reason is unworthy of credence. *Burdine*, 450 U.S. at 256; *Combs v. Plantation Patterns, Meadowcraft, Inc.*, 16 F.3d 1519, 1528 (11th Cir. 1997).

Defendant has failed to carry its burden of proving that its reason for terminating Plaintiff was legitimate and non-discriminatory. Defendant argues that, "... Whitaker's termination had absolutely nothing to do with [Plaintiff's] race" but rather his "inappropriate behavior in the workplace and the incident when [Plaintiff] barged into Cho's office, demanded that Lee be

terminated, and threatened Cho." Def.'s Motion for Summary Judgment, Page 22, ¶ 4. Defendant conveniently bases its legitimate non-discriminatory reason on Mr. Cho's affidavit however it has failed to produce any internal disciplinary records indicating any such inappropriate behavior. Obviously, Defendants would have documented behavior rising to such a level of egregiousness if it in fact occurred.

Plaintiff has produced sufficient evidence to demonstrate that Defendant's proffered legitimate non-discriminatory reason is pretext. Plaintiff stated that Defendant "hired a Korean national named, or referred to as, Mr. Eric Lee" and that he "was referred to as my assistant." Ex. A, ¶ 4, Whitaker's EEOC Charge of Discrimination. Likewise, Plaintiff stated that, "I was instructed by Mr. Cho to educate Mr. Lee in every aspect of my job as production manager." *Id.* Plaintiff's statements, in conjunction with the fact that Defendant terminated his employment shortly thereafter and placed Mr. Lee in Plaintiff's former position, lead to the logical and reasonable inference that Plaintiff's termination was based on racial animus.

This foregoing evidence combined with Plaintiff's *prima facie* case establish the Defendant's legitimate non-discriminatory reason as pretext. Defendant's contention, based solely on Mr. Cho's affidavit and lacking any other evidentiary basis, is simply not believable or reasonable given the evidence in this case. In any event, there is a genuine issue of material fact as to that point. The Court is requested to deny Defendant's motion.

## CONCLUSION

The defendant's argument is rife with disputes as to material facts between the parties; therefore, the defendant is not entitled to summary judgment. Plaintiff requests that this Honorable Court deny Defendant's Motion for Summary Judgment.

RESPECTFULLY SUBMITTED this 25th day of March, 2008.

/s/ Andy Nelms
K. Anderson Nelms
Anderson Nelms & Associates, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
Andynelms@andersonnelms.com
ASB-6972-E63K

**CERTIFICATE OF SERVICE**

I hereby certify that on the _25th_ day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

G.R. Trawick
Attorney for Defendant
SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104

/s/ Andy Nelms
K. Anderson Nelms
Anderson Nelms & Associates, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
Andynelms@andersonnelms.com
ASB-2014-E66J

**ADDENDUM**
**CHARGE OF DISCRIMINATION OF HENRY DWAYNE WHITAKER**

"My name is Henry Dwayne Whitaker. I was a production manager with Meta Control, LLC of Montgomery, Alabama.

I began my employment with Meta Control, LLC on August 29, 2005. At all times of my employment I was the production manager. On or about May 23, 2006, Mr. Chad Cho, President of Meta Control, LLC, brought me into his office at approximately 8:25 A.M. Mr. Cho informed me that due to my recent health conditions that was fired. I had missed work the previous Thursday and Friday on approved and scheduled vacation. The purpose of the vacation was to attend a doctor's visit relevant to my high blood pressure. I assume Mr. Cho was referring to my high blood pressure condition. Also, in March, 2006, I had injured my hand on the job. The condition involving my hand was improving and I was receiving medical care through Worker's Compensation. I must assume Mr. Cho was also referring to the hand injury. In any event, neither of my health condition directly effected my ability to work.

Meta Controls, LLC is aware of my disability. I can perform each and every function of the job of production manager with or without reasonable accommodation. I am qualified to be a production manager and I have always met the reasonable expectations of my employer.

I was suspicious that the termination for an alleged health condition was pretextual. Meta Controls, LLC had hired a Korean national named, or referred to as, Mr. Eric Lee. Mr. Lee and I had worked together for a number of weeks prior to my termination. Mr. Lee was referred to as my assistant. I was instructed by Mr. Cho to educate Mr. Lee in every aspect of my job as production manager. I followed Mr. Cho's instructions instructing Mr. Lee in every aspect of my job. It is my belief that I was fired so that Mr. Lee could assume my position. It is my belief that Mr. Lee was afforded the opportunity to take my job because of his race and national origin being that of Korean. Mr. Lee is twenty-three years old and to the best of my knowledge had no experience in production and no experience in management. From the beginning Mr. Cho treated Mr. Lee with preference. Mr. Lee was given an office larger than mine in the front of the building near Mr. Cho's office. Mr. Lee was afforded a company vehicle whereas I was required to use my own vehicle. I am of the belief that Mr. Lee was paid a higher salary.

I have been the victim of discrimination based on my disability in violation of the Americans with Disabilities Act and the Rehabilitation Act of 1973. I believe I am the victim of discrimination on the basis of my race, white."

[signature]
Henry Dwayne Whitaker

SWORN TO and SUBSCRIBED before me this 8th day of June, 2006.

[signature] Dana K English
NOTARY PUBLIC, State at Large
My commission expires 9/19/07.

RECEIVED
EEOC

JUN - 9 2006

BIRMINGHAM