UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY D. WHITAKER, | ✦ |
| | ✦ |
| Plaintiff, | ✦ |
| | ✦ |
| vs. | ✦ CIVIL ACTION NO.:2:07-CV-398-MEF |
| | ✦ |
| META CONTROL, LLC., | ✦ |
| | ✦ |
| Defendant. | ✦ |

## DEFENDANT'S MOTION TO STRIKE PARTS OF PLAINTIFF'S AFFIDAVIT

Defendant Meta Control, LLC. ("Defendant"), by and through counsel, files this Motion to Strike the following parts of Plaintiff's Affidavit filed in response to Defendant's currently pending Motion for Summary Judgment. As grounds for this motion, Defendant states the following.

1.   *Fed. R. Civ. P. 56(e)* states that an affidavit opposing a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matter stated."

2.   An affidavit that fails to meet the standards of *Fed. R. Civ. P. 56(e)* is subject to a motion to strike. *Givhan v. Electronic Engineers, Inc.*, 4 F. Supp. 2d 1331 (M.D. Ala. 1998).

3.   Plaintiff states in his affidavit it is "my belief that I was fired so that Mr. Lee

could assume my position." Because affidavits proffered in opposition to a motion for summary judgment must be based upon person knowledge, an affidavit based upon "information and belief" is insufficient as a matter of law. *Givhan*, 4 F. Supp. 2d at 1334. Further, this testimony is not admissible at trial. *See, Fed. R. Evid. R. 602, 701, 702, 704, 802.* For these reasons, this part of plaintiff's affidavit should be stricken and not considered by the Court.

4.  Plaintiff states in his affidavit that it is "my belief that Mr. Lee was afforded the opportunity to take my job because of his race and national origin being that of Korean." For the reasons stated in paragraph 3, above, this part of plaintiff's affidavit should be stricken and not considered by the Court.

5.  Plaintiff states in his affidavit that "to the best of my knowledge [Mr. Lee] had no experience in production and no experience in management." For the reasons stated in paragraph 3, above, this part of plaintiff's affidavit should be stricken and not considered by the Court.

6.  Plaintiff states in his affidavit that he is "of the belief that Mr. Lee was paid a higher salary." For the reasons stated in paragraph 3, above, this part of plaintiff's affidavit should be stricken and not considered by the Court.

7.  Plaintiff states in his affidavit that he had "been the victim of discrimination based on my disability in violation of the Americans with Disabilities Act and the Rehabilitation Act of 1973." Plaintiff further states, "I believe I am the victim of

discrimination on the basis of my race, white." For the reasons stated in paragraph 3, above, these parts of plaintiff's affidavit should be stricken and not considered by the Court.

8.   Plaintiff states in his affidavit that he "was suspicious that the termination for an alleged health condition was pretextual." For the reasons stated in paragraph 3, above, this part of plaintiff's affidavit should be stricken and not considered by the Court.

Respectfully submitted this 1st day of April 2008.

/s/ G. R. Trawick
G. R. "Rick" Trawick (Ala. TRA007)
Attorney for Defendant

SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street, Suite 101
Montgomery, Alabama  36104
(334) 396-8882
(334) 398-8880 fax
rtrawick@slatenlaw.com

CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing document upon the following attorney of record by placing a copy in the United States Mail, and postage prepaid this the 1st day of April 2008.

K. Anderson Nelms, Esquire<br>
P. O. Box 5059<br>
Montgomery, Alabama<br>
(334) 263-7733<br>
(334) 832-4390

F:\Gen Litigation\Meta Control,LLC\Pleadings\Motion to Strike --Plaintiff's affidavit.wpd

/s/ G. R. Trawick
G. R. "Rick" Trawick