

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **HENRY D. WHITAKER,** | ✦ | |
| | ✦ | |
| **Plaintiff,** | ✦ | |
| | ✦ | |
| **vs.** | ✦ | **CASE NUMBER: 2:07-CV-398-MEF** |
| | ✦ | |
| **META CONTROL, LLC.,** | ✦ | |
| | ✦ | |
| **Defendant.** | ✦ | |

---

**REPLY BRIEF OF DEFENDANT META CONTROL, LLC.,
IN SUPPORT OF A
MOTION FOR SUMMARY JUDGMENT**

---

Meta Control, LLC. ("Defendant"), by and through counsel, submits this Reply Brief in Support of its Motion for Summary Judgment. The Motion should be granted because the factual record presented to the court establishes that no genuine issue as to any material fact exists as to any of Henry Whitaker's ("Plaintiff") claims. Therefore, Defendant is entitled to a judgment as a matter of law.

**I.      ARGUMENT**

    **A.      Plaintiff has not established a *prima facie* case of discriminatory termination.**

Plaintiff has the initial burden of establishing a *prima facie* case of disparate treatment. *Wilson v. B/E Aerospace Inc.,* 376 F.3d 1079, 1086 (11th Cir. 2004). The essence

-1-

of a *prima facie* case is that Plaintiff presents evidence sufficient to allow a fact-finder to draw a reasonable inference that Defendant used prohibited criteria in making an adverse employment decision about the plaintiff.

A plaintiff may establish a *prima facie* case in an employment termination claim based on race discrimination under Title VII by showing that: (1) he is a member a protected class; (2) he was qualified for the position at issue; (3) he was discharged despite his qualification; and (4) he was subject to differential treatment, that is, he was either (a) replaced by someone who was not a member of the plaintiff's class or (b) a similarly situated employee who was not a member of the protected class engaged in nearly identical conduct and was not discharged. *Wilson, 376 F. 3d at 1087; Keel v. Roche,* 256 F. Supp. 2d 1269 (M.D. Ala. 2003), *quoting Davis v. Qualico Miscellaneous Inc.,* 161 F. Supp. 2d 1314, 1319 (M.D. Ala. 2001).

### 1.    Plaintiff was a welder when he was terminated.

Chang S. "Chad" Cho ("Cho") is the President and Chief Executive Officer of Defendant.  Cho testified in his affidavit that Plaintiff requested, in February 2006, a voluntary demotion to his prior position of a welder.  The reason given by Plaintiff for this request was that he could earn more moneys working overtime as a welder.  Cho granted Plaintiff's request to take a voluntary demotion.[1]

In his affidavit filed in opposition to Defendant's Motion For Summary Judgment.

---

[1] See Exhibit 2, par. 19, Affidavit of Cho; Exhibit 7.  All exhibits referenced in this Reply Brief are contained in Doc. # 17.

Plaintiff does not deny this testimony of Cho. Also, Plaintiff has not presented any evidence from which a reasonable fact-finder could find that he was not a welder when he was terminated. Therefore, Lee's position is totally immaterial to Plaintiff's claim of wrongful termination.

### 2.    Plaintiff was not replace by a person outside of his protected class.

Assuming for purposes of argument that Plaintiff has created a question of fact regarding the position he held when he was terminated, he still cannot prove the fourth element of his *prima facie* case. Plaintiff must prove that he was replaced by a person outside his protected class or that he was treated less favorably than a similarly situated individual outside his protected class. *Maynard v. Bd. of Regents,* 342 F. 3d 1281, 1289 (11th Cir. 2003); *Keel v. U.S. Dep't of Air Force,* 256 F. Supp. 1269, 1285 (M.D. Ala. 2003); *accord, Williams v. Motorola,* 303 F. 3d 1284, 1293 (11th Cir. 2002).

Plaintiff states in his affidavit that it "is my belief that Mr. Lee was afforded the opportunity to take my job because of his race and national origin being that of Korean."[2] Plaintiff has presented no evidence from which a reasonable fact-finder could conclude that he was replaced by Mr. Lee.

Cho states in his affidavit that he decided Defendant should employ someone who spoke Korean and English to act as a liaison between the engineers and the other employees who did not speak Korean. Plaintiff did not speak Korean when he was employed by

---

[2] Defendant has filed a Motion to Strike this part of Plaintiff's Affidavit. For the reasons stated in the motion, this part of Plaintiff's Affidavit should not be considered by the Court.

Defendant.[3]

In November 2005, Defendant employed Jae Il Lee ("Lee") to work as an Assistant Production Manager. Lee's duties included acting as a liaison between the engineers and the team leaders. Lee also translated and conveyed instructions and/or directions from the engineers to the team leaders. Lee speaks both Korean and English. Lee received instructions from the engineers in Korean and then conveyed the instructions to other staff, as required, in English.[4]

Cho made the decision to employ Lee and gave him the title Assistant Production Manager. Cho told all of the production supervisors, including Plaintiff, that Lee would be conveying instructions and/or directions from the engineers to them. Cho also told the production supervisors, including Plaintiff, that Lee would act as a liaison between them and the engineers.[5]

After Plaintiff was terminated, Lee was not promoted. Lee held the same position of assistant production manager when his employment with Defendant ended.[6] Plaintiff has presented no evidence from which a reasonable fact-finder could conclude that Lee stopped performing the above described duties or performed Plaintiff's duties. Plaintiff merely states

_____

[3] See Exhibit 2, par. 16, Affidavit of Cho.

[4] See Exhibit 2, par. 17, Affidavit of Cho; Exhibit 6.

[5] See Exhibit 2, par. 18, Affidavit of Cho.

[6] See, Exhibit 2, par. 27 Affidavit of Cho.

that he followed "Cho's instructions instructing Mr. Lee in every aspect of my job" and that Lee was retained after he was terminated.[7] Because Plaintiff has presented no evidence establishing that he was replaced by Lee, Defendant's Motion for Summary Judgment is due to be granted.

### 3.    Plaintiff cannot establish that a non-Caucasian employee engaged in the same conduct and was not terminated.

Plaintiff has not presented any evidence attempting to establish that a non-Caucasian employee engaged in the same conduct and was not terminated. Apparently, Plaintiff does not rely upon this method to prove the fourth element of his *prima facie* case.

Cho has testified, based on his personal knowledge, that no non-Caucasian employee engaged in behavior similar to Plaintiff and was not terminated. Plaintiff has not identified any employee of Defendant who he contends was similarly situated for purposes of establishing a *prima facie* case.

Therefore, Defendant's motion for a summary judgment is due to be granted.

### B.    Defendant had legitimate, nondiscriminatory reasons for Plaintiff's termination.

Cho testified to numerous legitimate, nondiscriminatory reasons for his decision to terminate Plaintiff's employment. Plaintiff in his affidavit does not deny that he engaged in the behavior described by Cho. Also, he has not refuted the truthfulness of Cho's testimony.

Cho testified, in May 2006, Plaintiff started engaging in heated disagreements with

---

[7] See, Plaintiff's Brief, page 8.

employees of Defendant and engaging in temper tantrums in the presence of persons
employed by the customers of Defendant. Cho testified he personally witnessed some of
Plaintiff's temper tantrums and had to intervene to keep the situation from escalating.[8]

Cho testified, on several occasions, Lee reported that Plaintiff refused to follow job
related instructions from the engineers and threaten him because of a disagreement with the
instructions. On one occasion, Cho testified he personally observed Plaintiff engage in a
heated disagreement with Lee and heard him threaten Lee. Cho testified he intervened to stop
this incident.[9]

While working at HMMA in May 2006, Plaintiff responded to the instructions of an
HMMA supervisor by engaging in a temper tantrum, cursing the supervisor and making
threatening remarks. Cho personally witnessed this incident and overheard Plaintiff cursing
the HMMA supervisor. This incident caused serious problems for Defendant.[10]

A few days after the HMMA incident, Plaintiff barged into Cho's office and
demanded that Lee be terminated because of a disagreement with a job related issue. Cho
told Plaintiff that he would talk with Lee. Plaintiff became angry and accused Cho of not
believing him and taking Lee's side. Plaintiff said something to the effect "this is not the end
of this" and as he was leaving Cho's office said "and, I know where you live." This

---

[8] See Exhibit 2, par. 21, Affidavit of Cho.

[9] See Exhibit 2, par. 22, Affidavit of Cho.

[10] See Exhibit 2, par. 24, Affidavit of Cho.

statement by Plaintiff frightened Cho. After this incident, Cho made the decision to terminate Plaintiff's employment.[11]

Beyond question, Defendant has articulated numerous legitimate, nondiscriminatory reasons for Plaintiff's termination. Plaintiff does not deny or refute Cho's testimony. Therefore, Defendant's motion for summary judgment is due to be granted.

### C.    Whitaker cannot establish that the proffered reasons by Defendant for his termination are mere pretexts for discrimination.

Defendant has established nondiscriminatory reasons for Plaintiff's termination. Plaintiff has not offered any evidence that the alleged reasons are a pretext for illegal discrimination.

To avoid summary judgment, Plaintiff must introduce "significantly probative evidence showing that the asserted reasons are merely a pretext for discrimination." "A reason in not a pretext for discrimination 'unless it is shown both that the reason was false, and that discrimination was the real reason.'" *Johnson v. Atlanta Independent School system,* 137 F. 3d 311, 315 (11th Cir. 2005). "The general rule in analyzing discrimination claims based on circumstantial evidence is that when a defendant has articulated several different reasons for an employment action, a plaintiff must demonstrate that each of the proffered reasons is unworthy of credence in order to establish pretext." *Lewis v. Chattahoochee Valley Community College,* 136 F. Supp. 2d 1232, 1239 (M. D. Ala. 2001).

Thus, pretext can be established by "presenting evidence tending to show that the

---

[11] See Exhibit 2, par. 25, Affidavit of Cho.

predicate facts underlying the proffered reason were false" and that "the employer knew them to be false at the time of [its] purposed reliance" or that "the proffered reason may involve a disputed fact of a kind that it is improbable that the employer could be mistaken about it." *Keel v. Roche,* 256 F. Supp. 2d 1269, 1287 (M.D. Ala. 2003), *quoting Walker v. NationsBank of Fla.,* 53 F. 3d 1548, 1564 (11th Cir.1995).    Concomitantly, actions based on opinions that are wrong and nondiscriminatory do not violate Section 1981. *Id.* at 1287.

At the summary judgment stage, the issue is whether there is sufficient  evidence from which a reasonable jury could find that a discriminatory reason motivated the employer or that the employer's proffered explanation is unworthy of credence. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 256 (1981)*; Combs v. Plantation Patterns, Meadowcraft, Inc.,* 16 F.3d 1519, 1528 (11th Cir. 1997).

There is no evidence from which a reasonable jury could find that Cho's testimony is false.  Plaintiff has not presented any evidence attempting to demonstrate that each reason articulated by Defendant is unworthy of credence. Under these facts, Defendant's motion for a summary judgment is due to be granted.

## II.    CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court grant its Motion and enter a Summary Judgment as to all of Plaintiff's claims as set forth in his complaint.

Respectfully submitted this 1st day of April 2008.

/s/ G. R. Trawick_____
G. R. "Rick" Trawick (Ala. TRA007)
Attorney for Defendant

SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104
(334) 396-8882
(334) 398-8880 fax
rtrawick@slatenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the
following attorney of record by placing a copy in the United States Mail, and postage prepaid
this the 1st day of April 2008.

K. Anderson Nelms
P. O. Box 5059
Montgomery, Alabama
(334) 263-7733
(334) 832-4390

/s/ G. R. Trawick_____
G. R. "Rick" Trawick

F:\Gen Litigation\Meta Control,LLC\Pleadings\Defendant's Reply Brief.wpd