# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION



| | | |
|---|---|---|
| **HENRY D. WHITAKER,** | ✦ | |
| | ✦ | |
| **Plaintiff,** | ✦ | |
| | ✦ | |
| **vs.** | ✦ | **CASE NUMBER:  2:07-CV-398-MEF** |
| | ✦ | |
| **META CONTROL, LLC.,** | ✦ | **(Jury Demand)** |
| | ✦ | |
| **Defendant.** | ✦ | |

---

### MOTION TO DISMISS
### THIS CASE AS APPROPRIATE SANCTIONS
### FOR PLAINTIFF'S REFUSAL TO RESPOND TO DISCOVERY REQUESTS
### AND FOR HIS REFUSAL TO PROSECUTE THIS CASE

---

Meta Control, LLC., ("Defendant"), by and through its attorney of record, moves this Court to dismiss this case as appropriate sanctions for the continued refusal of Henry D. Whitaker ("Plaintiff") to respond to discovery requests, make himself available for a deposition, and for his continued refusal to prosecute this case. As grounds for this motion, Defendant states as follows:

1.      On February 11, 2008, Defendant served a First Set of Interrogatories and a First Set of Requests for Production of Documents on Plaintiff.[1]

---

[1] A copy of the discovery requests are attached as Exhibits 1 & 2.

2.    On February 11, 2008, Defendant's Counsel sent an email to Plaintiff's Counsel requesting dates to take Plaintiff's deposition.[2] The assistant to Plaintiff's Counsel agreed to make the Plaintiff available on February 27, 2008.

2.    On February 13, 2008, Defendant served a Notice to take the Plaintiff's Deposition on February 27, 2008.[3]

3.    On February 22, 2008, the assistant to Plaintiff's counsel sent an email to Defendant's counsel requesting that Plaintiff's deposition be rescheduled. By agreement, Plaintiff's deposition was to be taken on February 29, 2008.[4]

4.    On February 22, 2008, Defendant served a Notice to take the Plaintiff's Deposition on February 29, 2008.[5]

5.    On February 28, 2008, the assistant to Plaintiff's Counsel sent an email to Defendant's Counsel stating they "have been unable to reach our client by telephone or mail" and therefore, we "are not sure whether or not he will show up tomorrow for his deposition."[6]

6.    On February 29, 2008, Plaintiff and Plaintiff's Counsel failed to appear at the time and place scheduled for the deposition. Later, the assistant to Plaintiff's Counsel informed Defendant's Counsel that their client failed or refused to respond to messages left

---

[2] A copy of the email is attached as Exhibit 3.

[3] A copy of the Notice of Deposition is attached as Exhibit 4.

[4] A copy of the email correspondence is attached as Exhibit 5.

[5] A copy of the Notice of Deposition is attached as Exhibit 6.

[6] A copy of the email correspondence is attached as Exhibit 7.

on his voice mail and failed or refused to respond to their correspondence.

7.      On April 23, 2008, Defendant's Counsel wrote a letter to Plaintiff's Counsel requesting that Plaintiff respond to the Interrogatories and Requests for Production of Documents, and that a date be set to take his deposition.[7]

8.      On April 29, 2008, Plaintiff's Counsel sent an email to Defendant's Counsel stating "we've just completely lost contact with our client."[8]

9.      Defendant has already been prejudiced, in preparing defenses to the claims alleged by Plaintiff, because of his continued failure and refusal to respond to the Interrogatories, Requests for Production of Documents, and to make himself available for a deposition.   Defendant will be prejudiced in the future in their efforts to comply with the requirements of the court's scheduling order, and in preparing this case for trial.

10.      Obviously, Plaintiff has no interest in pursuing this lawsuit.

**WHEREFORE**, Defendant respectfully moves this court pursuant to *Fed. R. Civ. P. 37(b)* and *41(b)* to dismiss this case as appropriate sanctions for Plaintiff's refusal to respond to Defendant's discovery, and/or Plaintiff's refusal to prosecute his lawsuit.

Respectfully submitted this 1st day of May 2008.

---

[7] A copy of the letter is attached as Exhibit 8.

[8] A copy of the email correspondence is attached as Exhibit 9.

/s/ G. R. "Rick" Trawick
G. R. "Rick" TRAWICK (Ala. TRA007)
Attorney for Defendant


SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street, Suite 101
Montgomery, Alabama  36104
(334) 396-8882
(334) 398-8880 fax
rtrawick@slatenlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing instrument upon the following attorney of record by placing a copy in the United States Mail, and postage prepaid this the 1st day of May 2008.

K. Anderson Nelms
P. O. Box 5059
Montgomery, Alabama
(334) 263-7733
(334) 832-4390


/s/ G. R. "Rick" Trawick
G. R. "Rick" Trawick

F:\Gen Litigation\Meta Control,LLC\Pleadings\Motion to Compel.wpd

# EXHIBIT "1"



UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HENRY D. WHITAKER,

    Plaintiff,

vs.

    CIVIL ACTION NO.:2:07-CV-398-MEF
    (Jury Demand)

META CONTROL, LLC.,

    Defendant.

## DEFENDANT'S FIRST SET OF INTERROGATORIES

Defendant, Meta Control, LLC., ( "Defendant"), by and through counsel, requests that

Plaintiff respond within the time described by the *Federal Rules of Civil Procedure* to the

following First Set of Interrogatories. These interrogatories are to be answered separately and

severally by Plaintiff in the manner and form  required by law and the rules of this Court.

Where facts set forth in answers, or portions thereof, are supplied upon information and

belief, rather that upon personal knowledge, Plaintiff shall so state and specifically identify and

describe the source or sources of such information and belief. Should Plaintiff be unable to

answer any discovery request or portion thereof by actual knowledge, or upon information and

belief, Plaintiff shall state in detail the efforts to obtain such knowledge to enable Plaintiff to

answer the discovery request.

## DEFINITIONS

1.    The terms "you" or  "your" or "plaintiff" shall mean and refer to the named Plaintiff in this action and his attorneys, agents or servants having information available to him within the meaning of the *Federal Rules of Civil Procedure*.

2.    The term "person" or "persons" shall mean all entities, including but not limited to all individuals, governments, associations, companies, partnerships, joint ventures, corporations, trusts, estates, public agencies, quasi-public entities,  departments, bureaus and boards.

3.    The term "identify" when used with respect to an individual, means to state the full name and present or last known address of each such person, the present or last known position and business affiliation and positions and business affiliations at all times during the period covered by these requests.  When used with respect to a person other than an individual or corporation, "identify" shall mean to state the official name or designation and address of each such person.

4.    When used with respect to a document, "identify" shall mean to state sufficient characterization of such document so as to have identified it with "reasonable particularity" for purposes of the *Federal Rules of Civil Procedure* and more particularly  to state its date, the type of document (e.g., letter, memorandum, telegram, chart, photograph, sound reproduction, etc.), the author and addressee, the present location and custodian, and a description of its contents.

5.    The term "identify," when used with respect to any act, occurrence, transition,

statement or conduct (hereinafter collectively called "act"), means to describe in substance the event or events constituting such act, the location, the date, the persons involved and the documents referring or relating thereto.

6.    The terms "document" or "documents" shall include all written, printed, typed, recorded or graphic matter, however produced or reproduced, in the actual or constructive possession, custody or control of Plaintiff, his agents, employer, employees, heirs, assigns, and/or anyone acting on their behalf, including but not limited to all writings, drawings, maps, graphs, charts, photographs, phonograph records and sound reproduction tapes, agreements, contracts, communications, correspondence, letters, telegrams, tape recordings, memoranda, notes, summaries or other recording of telephone conversations or personal observations or meetings, agenda of meetings, notices, records, bid records, personal memoranda, photographs, photographic slides, motion picture films, charts, graphs, diagrams, reports, statements of persons, findings of investigation, files, reports of expert witnesses, papers, books, summaries, data compilation from which information can be obtained or can be translated through detection devices into reasonably usable form, computer tapes, computer inputs or outputs, or any other tangible thing and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported which constitutes or contains matters within the scope of the *Federal Rules of Civil Procedure*.

7.    As used herein, the singular form of a noun or pronoun shall be considered to include, within its meaning, the plural form of the noun or pronoun so used, and vice versa; in similar fashion, the use of the masculine form of a pronoun shall be considered to include also

within its meaning the neuter and feminine forms, and the use of any verb shall include all other tenses of the verb so used.

8.     As used herein, the term "oral communications" means any words heard or spoken, including without limitation, words, spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

9.     As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

10.     "Personnel Information" shall include data or information which pertains to employees, applicants for employment, persons seeking employment, or former employees, and includes, but is not limited to, information on any individual or aggregate of individuals concerning applicant flow, residence, interviews, tests, evaluations, referrals from referral agencies, length of service, educational level, selection, job assignments, performance, training, qualifications, validation of tests, promotions, health, safety, vacancies, job applications, test results, marital status, race, sex, family status, recruitment, etc.

11.     As used herein, the term  "he" or "she" is intended to refer to persons of both sexes regardless of which  term is used.

12.     As used herein the term "discipline" shall include any action taken in regard to an employee which is intended to punish and/or correct some aspect of the employee's behavior, conduct or performance, including but not limited to, the following actions: verbal warning, written warning, verbal or written instruction, verbal reprimand, written reprimand, suspension, demotion, placement, or probation, fine, etc.

13.    As used herein the term "termination" shall include any one or more of the following actions which interrupt an employee's service of employment: layoff, discharge, quit, resignation, etc.

14.    As used herein the term "employee" includes temporary and permanent employees.

15.    These interrogatories shall be deemed continuing and you shall file supplemental answers as required if you obtain further information of the nature sought by these requests subsequent to the time answers are served and as required by the *Federal Rules of Civil Procedure.*

16.    If you contend a protective order is necessary, please send it immediately to prevent any delay in responding to these discovery requests.

## **INTERROGATORIES**

1.    State your full name, address and telephone number. Include in your answer any nicknames, name changes, or other names by which you have been known, your current residence address, and previous addresses for the time frame alleged in the Complaint.

2.    State the date on which you received the "Right to Sue" notice from the EEOC.

3.    Identify each and every employee of Defendant who you allege was similarly situated and received different treatment by Defendant.

4.    State separately for each and every person identified in your response to Interrogatory Number 3, the facts upon which you base your opinion that the person was similarly situated and received different treatment by Defendant.

5.     State each and every reason given by Defendant for your termination.

6.     Do you disagree with or dispute the reasons given by Defendant for your termination?

7.     If you disagree with or dispute the reasons for your termination, state separately for each reason, each and every fact upon which you base your disagreement with or upon which you dispute the reasons given by Defendant for your termination.

8.     Do you contend the reasons given by Defendant for your termination were a pretext for illegal discrimination?

9.     If the answer to Interrogatory number 8 is in the affirmative, state each and every fact upon which you base your contention that the reasons given for your termination were a pretext for illegal discrimination.

10.     In paragraph 11 of the Complaint, you alleged "Mr. Cho informed Plaintiff that due to a recent health condition suffered by Plaintiff, the defendant determined that he should be fired." Identify the "health condition" referred to in paragraph 11 of the Complaint.

11.     Identify all healthcare providers who provided treatment to Plaintiff for the "health condition" referred to in paragraph 11 of the Complaint by stating the full name, present or last known address of each such person, and the present or last known position and business affiliation.

12.     Identify by name, present or last known address each person who was present and/or overheard the alleged conversation referred to in paragraph 11 of the Complaint.

13.     In paragraph 11 of the Complaint, you allege Plaintiff 'attended a doctor's visit

relevant to high blood pressure." Identify all healthcare providers who provided treatment to Plaintiff for "high blood pressure" by stating the full name, present or last known address of each such person, and the present or last known position and business affiliation.

14.    In paragraph 12 of the Complaint, you allege "Plaintiff had injured his hand on the job" and "Plaintiff was receiving medical care through Worker's Compensation." State

(a)    the date, time and place of the alleged injury to Plaintiff's hand:

(b)    the detailed facts of how the injury occurred;

(c)    the name and address of each person who was a witness to the injury; and

(d)    the name and address of each healthcare provider who provided medical treatment for the alleged injury to Plaintiff's hand.

15.    Do you contend you satisfactorily performed your duties during your employment with Defendant?

16.    If the answer to the preceding interrogatory is in the negative, state as to each incident of a failure to perform you job duties:

(a)    the date of such incident of a failure to perform your job duties;;

(b)    the detailed facts of each such incident of a failure to perform your job duties;

(c)    the name and address of each person who has knowledge of each such incident of a failure to perform your job duties.

17.    Describe your jobs duties during your employment with Defendant and identify you immediate supervisor.

18.    In paragraph 13 of the Complaint, you allege "Mr. Cho explained to Plaintiff that

Mr. Lee was to be Plaintiff's assistant." Identify by name and present or last know address all persons who were present during this conversation and/or who overheard this conversation.

19.    In paragraph 14 of the Complaint, you allege "Plaintiff was instructed by Mr. Cho to educate Mr. Lee in every aspect of Plaintiff's job as production manager." Identify by name and present or last know address all persons who were present during this conversation and/or who overheard this conversation.

20.    In paragraph 16 of the Complaint, you state Mr. Lee "had no experience in production and no experience in management." State the facts upon which you base the statement that Mr. Lee had no experience in production and no experience in management.

21.    In paragraph 24 of the Complaint, you allege "those benefits, privileges, terms and conditions of which Plaintiff was either deprived or whose right to same was impaired by acts of discrimination, were enjoyed by non-white person." Identify each an every benefit, privilege, term and/or condition of employment you alleged you were deprived  of by Defendant and/or impaired by Defendant.

22.    Identify each and every "non-white person" referred to in paragraph 24 of the Complaint.

23.    Identify the "employees and/or agents of Meta Control, LLC." referred to in paragraph 27 of the complaint.

24.    Do you make a claim for compensatory damages based on emotional trauma and humiliation, mental pain or anguish?  If you claim compensatory damages based on these or similar type allegations:

(a)  Identify each and every medical professional, mental health professional, health care provider or other person that Plaintiff has received treatment from for the emotional trauma and humiliation, mental pain or anguish.

(b)  Identify and describe the alleged emotional trauma, humiliation, pain and anguish.

25.  Have you been a plaintiff, defendant, or witness in any other lawsuit?

26.  If your answer to the preceding interrogatory is in the affirmative, identify the court in which the lawsuit was filed, whether you were a party or witness, the nature of the claims made in the lawsuit, and year of the lawsuit.

27.  Other than the claims involved in this lawsuit, have you ever complained about any form or kind of discrimination related to your employment?

28.  If your answer to the preceding interrogatory is in the affirmative, state:

(a)  the name and address of the employer;

(b)  the date of the alleged discrimination;

(c)  the details of the alleged discrimination;

(d)  the name of the person, or entity with whom you filed, reported, or lodged your complaint;

(e)  the action taken in response to your complaint;

(f)  the determination, if any, regarding your complaint.

29.  Other than the claims involved in this lawsuit, have you ever filed a claim related to your employment with the Equal Employment Opportunity Commission ("EEOC"), the

Secretary of Labor, Alabama Department of Industrial Relations, or any other state or federal agency?

30.    If your answer to the preceding interrogatory is in the affirmative, state as to each claim filed:

(a)    the name of the agency with whom you filed the claim;

(b)    the date it was filed;

(c)    the name and address of the employer against whom you filed the claim;

(d)    the details of the alleged claim;

(e)    each action taken pursuant to your claim;

(f)    the determination, if any, as to your complaint.

31.    Have you ever brought a judicial action, other than this lawsuit, against any person or employer for alleged discrimination?

32.    If your answer to the preceding interrogatory is in the affirmative, state:

(a)    the name and address of the person or employer;

(b)    the court in which the lawsuit was filed;

(c)    the details of the alleged discrimination;

(d)    the name and address of the person who represented you in the judicial action;

(e)    the result of the judicial action.

Submitted this 11th day of February 2008.

G. R. "Rick" Trawick (Ala. Bar # TRA007)
Attorney for Defendant

**SLATEN & O'CONNOR, P.C.**
Winter Loeb Building
105 Tallapoosa St., Suite 101
Montgomery, AL 36104
(334) 396-8882
(334) 396-8880 (Facsimile)
rtrawick@slatenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by placing a copy of the same in the U.S. mail, with proper postage prepaid, to:

Andy Nelms
P. O. Box 5059
Montgomery, AL 36103
Phone: 334-263-7733
Fax: 334-832-4390
andynelms@jaylewislaw.com

DATED this the 11th day of February 2008.

G. R. "Rick" Trawick
Attorney for Defendant

F:\Gen Litigation\Meta Control,LLC\Discovery\Defendant's First Set of Interrogatories.wpd

# EXHIBIT "2"



UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HENRY D. WHITAKER,

    Plaintiff,

vs.

META CONTROL, LLC.,

    Defendant.

CIVIL ACTION NO.:2:07-CV-398-MEF
(Jury Demand)

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Meta Control, LLC., (hereinafter "Defendant"), by and through counsel, requests that Plaintiff respond within the time described by the *Federal Rules of Civil Procedure* to the following Requests for Production of Documents. These production requests are to be answered separately and severally by the Plaintiff in the manner and form required by law and the rules of this Court.

Where facts set forth in answers, or portions thereof, are supplied upon information and belief, rather that upon personal knowledge, Plaintiff should so state and specifically identify and describe the source or sources of such information and belief. Should Plaintiff be unable to answer any discovery request or portion thereof by actual knowledge, or upon information and belief, Plaintiff shall state in detail the efforts to obtain such knowledge as will enable

Plaintiff to answer the discovery request.

## DEFINITIONS

1.      The terms "you" or "your" or "plaintiff" shall mean and refer to the named Plaintiff in this action and his attorneys, agents and servants having information available to him within the meaning of the *Federal Rules of Civil Procedure*.

2.      The term "person" or "persons" shall mean all entities, including but not limited to all individuals, governments, associations, companies, partnerships, joint ventures, corporations, trusts, estates, public agencies, quasi-public entities, departments, bureaus and boards.

3.      The term "identify" when used with respect to an individual, means to state the full name and present or last known address of each such person, the present or last known position and business affiliation of each such person, at all times during the period covered by these requests. When used with respect to a person other than an individual or corporation, "identify" shall mean to state the official name or designation and address of each such person.

4.      When used with respect to a document, "identify" shall mean to state sufficient characterization of such document so as to have identified it with "reasonable particularity" for purposes of the *Federal Rules of Civil Procedure* and more particularly to state its date, the type of document (e.g., letter, memorandum, telegram, chart, photograph, sound reproduction, etc.), the author and addressee, the present location and custodian, and a description of its contents.

5.      The term "identify," when used with respect to any act, occurrence, transition,

statement or conduct (hereinafter collectively called "act"), means to describe in substance the event or events constituting such act, the location, the date, the persons involved and the documents referring or relating thereto.

6.    The term "document" or "documents" shall include all written, printed, typed, recorded or graphic matter, however produced or reproduced, in the actual or constructive possession, custody or control of Plaintiff, his agents, employer, employees, heirs, assigns, and/or anyone acting on her behalf, including but not limited to all writings, drawings, maps, graphs, charts, photographs, phonograph records and sound reproduction tapes, agreements, contracts, communications, correspondence, letters, telegrams, tape recordings, memoranda, notes, summaries or other recording of telephone conversations or personal observations or meetings, agenda of meetings, notices, records, bid records, personal memoranda, photographs, photographic slides, motion picture films, charts, graphs, diagrams, reports, statements of persons, findings of investigation, files, reports of expert witnesses, papers, books, summaries, data compilation from which information can be obtained or can be translated through detection devices into reasonably usable form, computer tapes, computer inputs or outputs, or any other tangible thing and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported which constitutes or contains matters within the scope of the *Federal Rules of Civil Procedure.*

7.    As used herein, the singular form of a noun or pronoun shall be considered to include, within its meaning, the plural form of the noun or pronoun so used, and vice versa; in similar fashion, the use of the masculine form of a pronoun shall be considered to include also

within its meaning the neuter and feminine forms; and the use of any verb shall include all other tenses of the verb so used.

8.    As used herein, the term "oral communications' means any words heard or spoken, including without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

9.    As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

10.    "Personnel Information" shall include data or information which pertains to employees, applicants for employment, persons seeking employment, or former employees, and includes, but is not limited to, information on any individual or aggregate of individuals concerning applicant flow, residence, interviews, tests, evaluations, referrals from referral agencies, length of service, educational level, selection, job assignments, performance, training, qualifications, validation of tests, promotions, health, safety, vacancies, job applications, test results, marital status, race, sex, family status, recruitment, etc.

11.    As used herein, the term "he" or "she" is intended to refer to persons of both sexes regardless of which term is used.

12.    As used herein the term "discipline" shall include any action taken in regard to an employee which is intended to punish and/or correct some aspect of the employee's behavior, conduct or performance, including but not limited to, the following actions: verbal warning, written warning, verbal or written instruction, verbal reprimand, written reprimand, suspension, demotion, placement, or probation, fine, etc.

13.    As used herein the term "termination" shall include any one or more of the following actions which interrupt an employee's service of employment: layoff, discharge, quit, resignation, etc.

14.    As used herein the term "employee" includes temporary and permanent employees.

15.    These Requests for Production of Documents shall be deemed continuing and you shall file supplemental answers as required by the *Federal Rules of Civil Procedure.*

16.    If you contend a protective order is necessary, please send it immediately to prevent any delay in responding to these discovery requests.

## REQUESTS FOR PRODUCTION

1.    Provide a copy of all medical records related to Plaintiff's treatment of any medical condition alleged in the Complaint.

2.    Provide a copy of any document, calendar entries or diary entries created by Plaintiff related, directly or indirectly, to his application for employment, employment with and/or termination of employment by Defendant.

3.    Provide a copy of all documents in the possession of Plaintiff related, directly or indirectly, to Defendant and/or its employees, agents and servants..

4.    Provide a copy of all documents relating or referring in any way to, or showing or constituting any communications between the Plaintiff and Defendant and/or its employees, agents and servants.

5.    Provide a copy of all documents relating or referring in any way to, or showing,

or constituting any communications between the Plaintiff and any other person or entity about Defendant and/or its employees, agents and servants.

6.    Provide a copy of all documents sent to and/or received from any state or federal agency, including but not limited to, the Equal Employment Opportunity Commission ("EEOC"), or the Alabama Department of Industrial Relations related to Plaintiff, his employment with Defendant, or the termination of his employment by Defendant.

7.    Provide a copy of all documents related to any judicial proceeding, except this lawsuit, in which Plaintiff has been a party or witness.

8.    Provide a copy of all documents related, directly or indirectly, to the allegations in the Complaint.

Submitted this 11rd day of February 2008.

_G. R. Trawick_

G. R. "Rick" Trawick (Ala. Bar #TRA007)
Attorney for Defendant

**SLATEN & O'CONNOR, P.C.**
Winter Loeb Building
105 Tallapoosa St., Suite 101
Montgomery, AL 36104
(334) 396-8882
(334) 396-8880 (Facsimile)
rtrawick@slatenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by placing a copy of the same in the U.S. mail, with proper postage prepaid, to:

Andy Nelms
P. O. Box 5059
Montgomery, AL 36103
Phone: 334-263-7733
Fax: 334-832-4390
andynelms@jaylewislaw.com

DATED this the 11th day of February 2008.

G. R. "Rick" TRAWICK
Attorney for Defendant

# EXHIBIT "3"

February 11, 2008

To: andynelms

**Subject:** Whitaker v. Meta Control

Andy,Please give me date to take the plaintiff's deposition this week or the next week.  It need to be taken this month.  Rick TrawickSlaten & O'Connor, P.C.

105 Tallapoosa Street, Suite 101

Montgomery, AL 36104  Phone: (334) 396-8882

FAX: (334) 396-8880 NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee.  If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited.  If you have received this message in error, please notify the sender immediately by telephone (334) 396-8882 or by electronic mail ( rtrawick@slatenlaw.com ), and delete this message and all copies and backups thereof.

Thank you.

# EXHIBIT "4"

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **HENRY D. WHITAKER,** | ✦ | |
| | ✦ | |
| **Plaintiff,** | ✦ | |
| | ✦ | |
| **vs.** | ✦ | **CIVIL ACTION NO.:2:07-CV-398-MEF** |
| | ✦ | **(Jury Demand)** |
| **META CONTROL, LLC.,** | ✦ | |
| | ✦ | |
| **Defendant.** | ✦ | |

## NOTICE OF DEPOSITION

**TO:    Andy Nelms**
**Law Offices of Jay Lewis, L.L.C.**
**P. O. Box 5059**
**Montgomery, AL 36103**
**(334) 263-7733**

Please take notice that on February 27, 2008, beginning at 10:30 a.m., pursuant to

*Rule 30(b) of the Federal Rules of Civil Procedure*, Defendant will take the deposition upon

oral examination of Plaintiff at the law office of G. R. "Rick" Trawick,  located at Slaten &

O'Connor, Winter Loeb Building, 105 Tallapoosa Street, Suite 101, Montgomery, AL, before

a Notary Public or other officer authorized by law to administer oaths.  The deposition will

be taken for purposes of discovery, for use as evidence in the trial of this action, for other

purposes of discovery, or for other purposes as allowed by the applicable *Federal Rules of*

*Civil Procedure*.   The Plaintiff is requested to bring the following documents to his

deposition:

> **Any and all documents, writings, or materials whatsoever in his possession pertaining to the allegations made in this lawsuit or pertaining to Defendant, Meta Control, LLC., and/or any employee, agent or servant of Defendant.**

Submitted this the 13th day of February 2008.

G. R. "Rick" Trawick (Ala. Code Tra007)
Attorney for Defendant

SLATEN & O'CONNOR, P. C
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, Alabama  36104
(334) 396-8882
(334) 396-8880 (Facsimile)
rtrawick@slatenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that  I have served a copy of the foregoing upon the below listed counsel of record, by placing copy in the United States Mail, postage prepaid this the 13th day of February 2008.

Andy Nelms
Law Offices of Jay Lewis, L.L.C.
P. O. Box 5059
Montgomery, AL 36103
(334) 263-7733

/G. R. "Rick" Trawick

F:\Gen Litigation\Meta Control,LLC\Discovery\Notice of Plaintiff's depo #2.wpd

Page 2 of  2

# EXHIBIT "5"

**To:** Amy Lindsey
**Subject:** RE: Whitaker v. Meta Control
February 22, 2008

Amy,
Pursuant to our telephone conversation today, I will renotice the plaintiff deposition to be taken on Friday,
February 29, 2008 beginning at 10:30 a.m.
Rick Trawick
Slaten & O'Connor, P.C.
105 Tallapoosa Street, Suite 101
Montgomery, AL 36104

Phone: (334) 396-8882
FAX: (334) 396-8880

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and
confidential information intended solely for the use of the addressee. If the reader of this message is not the
intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of
this message or its attachments is strictly prohibited. If you have received this message in error, please notify the
sender immediately by telephone (334) 396-8882 or by electronic mail (rtrawick@slatenlaw.com), and delete this
message and all copies and backups thereof. Thank you.

---

**From:** Amy Lindsey [mailto:amylindsey@andersonnelms.com]
**Sent:** Friday, February 22, 2008 1:29 PM
**To:** rtrawick@slatenlaw.com
**Subject:** Whitaker v. Meta Control

Additionally, we would like to re-schedule the Plaintiff's deposition currently scheduled for 2/27. Andy has a trial in
small claims court and a hearing in circuit court on 2/27. Would you please provide me with some dates in March
that you are available. Please do not hesitate to contact me if you have any questions. Thanks.

Amy Lindsey
Paralegal
Anderson Nelms & Associates
847 S. McDonough Street, Suite 100
Montgomery, Alabama 36104
(334) 263-7733
(334) 832-4390
amylindsey@andersonnelms.com

This electronic mail transmission may constitute an attorney-client communication that is privileged.
It is not intended for transmission to, or receipt by, any unauthorized persons.
If you have received this electronic mail transmission in error,
please delete it from your system without copying it, and notify the sender by reply e-mail,
so that our records may be corrected.

# EXHIBIT "6"



# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

**HENRY D. WHITAKER,**

        **Plaintiff,**

**vs.**

**META CONTROL, LLC.,**

        **Defendant.**

**CIVIL ACTION NO.:2:07-CV-398-MEF**
**(Jury Demand)**

## NOTICE OF DEPOSITION

**TO:**  **Andy Nelms**
**Anderson Nelms & Associates**
**847 S. McDonough Street**
**Suite 100**
**Montgomery, AL 36104**
**(334) 263-7733**

Please take notice that on February 29, 2008, beginning at 10:30 a.m., pursuant to *Rule 30(b) of the Federal Rules of Civil Procedure*, Defendant will take the deposition upon oral examination of Plaintiff at the law office of G. R. "Rick" Trawick, located at Slaten & O'Connor, Winter Loeb Building, 105 Tallapoosa Street, Suite 101, Montgomery, AL, before a Notary Public or other officer authorized by law to administer oaths. The deposition will be taken for purposes of discovery, for use as evidence in the trial of this action, for other purposes of discovery, or for other purposes as allowed by the applicable *Federal Rules of Civil Procedure*. The Plaintiff is requested to bring the following documents to his

-1-

deposition:

> **Any and all documents, writings, or materials whatsoever in his possession pertaining to the allegations made in this lawsuit or pertaining to Defendant, Meta Control, LLC., and/or any employee, agent or servant of Defendant.**

Submitted this the 22th day of February 2008.

G. R. "Rick" Trawick (Ala. Code Tra007)
Attorney for Defendant

SLATEN & O'CONNOR, P. C
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104
(334) 396-8882
(334) 396-8880 (Facsimile)
rtrawick@slatenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the below listed counsel of record, by placing copy in the United States Mail, postage prepaid this the 22th day of February 2008.

**Andy Nelms**
**Anderson Nelms & Associates**
**847 S. McDonough Street**
**Suite 100**
**Montgomery, AL 36104**
**(334) 263-7733**

G. R. "Rick" Trawick

# EXHIBIT "7"

From: Amy Lindsey [amylindsey@andersonnelms.com]
**Sent:** Thursday, February 28, 2008 3:04 PM
**To:** Rick Trawick
**Subject:** RE: Whitaker v. Meta Control

Rick - we have been unable to reach our client either by telephone or mail.  Therefore, I am not sure whether or not he will show up tomorrow for his deposition.  We are continuing in our efforts to locate him and will let you know as soon as we get in touch with him.  I apologize for any inconvenience.  Thank you for your patience in this regard.  Please do not hesitate to contact us if you have any questions.

**From: Rick Trawick [mailto:rtrawick@slatenlaw.com]**
**Sent: Friday, February 22, 2008 2:01 PM**
**To: Amy Lindsey**
**Subject: RE: Whitaker v. Meta Control**


February 22, 2008 Amy,Pursuant to our telephone conversation today, I will renotice the plaintiff deposition to be taken on Friday, February 29, 2008 beginning at 10:30 a.m.Rick TrawickSlaten & O'Connor, P.C. 105 Tallapoosa Street, Suite 101

Montgomery, AL 36104  Phone: (334) 396-8882

FAX: (334) 396-8880 NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee.  If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited.  If you have received this message in error, please notify the sender immediately by telephone (334) 396-8882 or by electronic mail ( rtrawick@slatenlaw.com ), and delete this message and all copies and backups thereof.

Thank you.

**From: Amy Lindsey [mailto:amylindsey@andersonnelms.com]**
**Sent: Friday, February 22, 2008 1:29 PM**
**To: rtrawick@slatenlaw.com**
**Subject: Whitaker v. Meta Control**


Additionally, we would like to re-schedule the Plaintiff's deposition currently scheduled for 2/27.  Andy has a trial in small claims court and a hearing in circuit court on 2/27.  Would you please provide me with some dates in March that you are available.  Please do not hesitate to contact me if you have any questions.

Thanks. Amy LindseyParalegalAnderson Nelms & Associates847 S. McDonough Street, Suite

100Montgomery, Alabama  36104(334) 263-7733(334) 832-4390amylindsey@andersonnelms.com This electronic mail transmission may constitute an attorney-client communication that is privileged. It is not intended for transmission to, or receipt by, any unauthorized persons.If you have received this electronic mail transmission in error, please delete it from your system without copying it,

# EXHIBIT "8"

**SLATEN &**
**O'CONNOR, P.C.**
ATTORNEYS AT LAW

CLIFTON E. SLATEN † ♦
MICHAEL B. O'CONNOR
MINDI C. ROBINSON ▵▸
EDWARD C. HIXON
G. R. "RICK" TRAWICK
R. QUENTIN WHITWELL, JR �o
T. ERIC PONDER ▸
JASON J. BAIRD
C. ELIZABETH LITTELL

⎯⎯⎯⎯⎯

OF COUNSEL
THOMAS BAILEY SMITH ⊠
CAREY N. BOS **
KANG C. LEE ▫

Also Admitted in Texas †
Also Admitted in South Carolina ▵
Also Admitted in Tennessee ♦
Also Admitted in Georgia ▸
Admitted in South Carolina Only ⊠
Admitted in Florida Only **
Admitted in Tennessee Only ▫
Admitted in Mississippi Only o

⎯⎯⎯⎯⎯

MAIN OFFICE:

WINTER LOEB BUILDING
105 TALLAPOOSA STREET
SUITE 101
MONTGOMERY, AL 36104

MAILING ADDRESS:

P.O. BOX 1110
MONTGOMERY, AL 36101
TELEPHONE: (334) 396-8882
FAX: (334) 396-8880

ADDITIONAL OFFICES:

BIRMINGHAM, ALABAMA
ATLANTA, GEORGIA
ORLANDO, FLORIDA
JACKSON, MISSISSIPPI
GREENVILLE, SOUTH CAROLINA

⎯⎯⎯⎯⎯

EMAIL: slatenlaw@slatenlaw.com
WEB SITE: www.slatenlaw.com

April 23, 2008

**Via Facsimile:  (334) 832-4390**
**& U.S. Mail**
K. Anderson Nelms, Esquire
P. O. Box 5059
Montgomery, AL 36 103

Re:    *Whitaker v. Meta Control, LLC.*
       Our File No. 06-928-0001

Dear Andy:

As you will recall, I have been attempting to take Mr. Whitaker's deposition since January 24, 2008. I have noticed his deposition three times. The last notice set the deposition on February 29, 2008; the date agreed to by your assistant Amy Lindsey. On February 28, 2008, Amy called and informed me that Mr. Whitaker may or may not attend the deposition. He failed to attend and you also failed to attend.

On February 11, 2008, I served Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents. I have not received responses to these discovery requests.

If these discovery issues are not resolved within three business days, I will file a motion to compel.

Very truly yours,

*Rick*

G. R. "Rick" Trawick

GRT/mrt
F:\Gen Litigation\Meta Control,LLC\Corres\Nelms----04-23-08--discovery.wpd

# EXHIBIT "9"

## Rick Trawick

| | |
|---|---|
| **From:** | Andy Nelms [andynelms@andersonnelms.com] |
| **Sent:** | Tuesday, April 29, 2008 4:38 PM |
| **To:** | rtrawick@slatenlaw.com |
| **Subject:** | Whitaker v. Meta Control |

Rick:

I'm not sure what the problem is but we've just completely lost contact with our client.  I could have been more responsive to you over the last few weeks but I was being cautious not to betray my client.  We've finally come to the conclusion that further representation will be futile and possibly frivolous.  Please don't object and I'm confident the case will disappear.

I appreciate your patience.


Andy Nelms
Anderson Nelms & Associates, LLC
847 S. McDonough Street
Montgomery, AL 36104
(334) 263-7733
(334) 832-4390 fax
andynelms@andersonnelms.com

This electronic mail transmission may constitute an attorney-client communication that is privileged.
It is not intended for transmission to, or receipt by, any unauthorized persons.
If you have received this electronic mail transmission in error,
please delete it from your system without copying it, and notify the sender by reply e-mail,
so that our records may be corrected.